S. G. PIERCE, sometimes known as STEPHEN G. PIERCE, v. CONCETTA PASQUARELLO, a widow, and AUGUSTINE PASQUARELLO, as Administrators of the Estate of ANGELO PASQUARELLO, deceased.

169 So. 727.
Division B.
Opinion Filed September 22, 1936.

*Leland Hyzer,* for Appellant;

*W. H. Mactye,* and *Thomas H. Anderson,* for Appellees.

BUFORD, J.—This case comes before us after briefs filed on renewal of motion to dismiss the appeal.

The record discloses the following state of facts: On June 12th, 1934, letters of administration were issued to the appellees in the matter of the Estate of Angello Pasquarello, deceased, late of Dade County, Florida. On July 21, 1934, proof of publication of notice to creditors was filed in the County Judge's Court. On July 2, 1934, proof of claim of Stephen G. Pierce was filed in the County Judge's Court, the same being based on an alleged promissory note appearing to have been executed November 20, 1925, by the decedent, payable to the order of S. G. Pierce, upon which he claimed a balance due of $1,250.00 with interest from May 30, 1927. (The record shows that Stephen G. Pierce and S. G. Pierce are identical).

The claim was not paid and on February 19th, 1935, Pierce filed suit based on the identical cause of action in the Civil Court of Record of Dade County. In due course pleas were filed by the administrators and then followed other pleadings. That proceeding appears to have resulted in a non-suit in favor of defendants when it came on for trial after pleadings were settled.

On January 20th, 1936, the administrators filed petition for disallowance of claim on the following grounds:

1. "On July 2d, 1934, S. G. Pierce who is otherwise known as Stephen G. Pierce, filed a claim against the above estate in this Court on account of a promissory note made by Angello Pasquarello to said Pierce and in said claim de-

manded the payment to him of $1250.00 being the balance due on said note with interest.

2. "Your petitioners filed their written objections to said claim and refused to pay the same and thereupon on February 19, 1935 (W. F. B.) said Pierce filed an action on said note against them in the Civil Court of Record for Dade County, Florida. A copy of the declaration in said action is attached hereto and made a part hereof with like effect as though set out herein at length.

3. "Your Petitioners filed pleas to said declaration and the plaintiff filed replications thereto. Said replications were demurred to and the demurrer was sustained. Copies of said pleas, replications, demurrers and order are attached hereto and made a part hereof with like effect as though set out herein at length.

4. "At a term of said Civil Court of Record, said cause was tried to the Honorable A. B. Small and a jury; and at the conclusion of the case the Court announced that it would direct a verdict for the defendants. At said announcement, the plaintiff took a non-suit and thereupon final judgment was entered for the defendants. A certified copy of said judgment is attached hereto and made a part hereof with like effect as though set out herein at length. Thereafter, the plaintiff took a writ of error from the Circuit Court of the Eleventh Judicial Circuit to said judgment within the time required by law and afterwards, on January 15th, 1936, said writ of error was dismissed.

5. "Said alleged claim is the only one now asserted against said estate and it has been adjudicated by a court of competent jurisdiction not to be valid and enforceable."

To the petition there was attached and made a part thereof a copy of the record and proceedings instituted and consummated in the Civil Court of Record.

A pertinent allegation of the declaration was:

"That on or about the ___ day of July, 1934, the said plaintiff herein filed his claim in the County Judge's Court in and for Dade County, Florida, against the estate of Angello Pasquarello, deceased, in the sum of one Thousand Two Hundred Fifty Dollars ($1,250.00), together with interest thereon from May 30, 1927, together with reasonable attorney's fees; that the period for filing claims against the estate of the said Angello Pasquarello, deceased, as provided by the laws of the State of Florida, has expired; that said defendants have refused to pay said claim or any part thereof."

On January 28, 1936, claimant filed petition for compulsory settlement of claim, as follows:

"Comes now S. G. Pierce, by his undersigned attorney, and respectfully represents unto the Court that on or about the second day of July, 1934, he filed his claim in writing in the above styled court against the estate of Angello Pasquarello, deceased; that said claim was filed within the period of eight months from the date of the first publication of notice to creditors made in the above estate; that no objection to said claim was filed by the administrators of said estate within the time prescribed by law; that no extension of the period within which such objection might have been filed was obtained by said administrators; WHEREFORE, petitioner moves the Court for an order directing the administrators of the above estate to make payment of your petitioner's claim."

On January 31, 1936, the County Judge entered his order disallowing the claim as follows:

"This cause came on to be heard on the application of S. G. Pierce for an order requiring the payment of the claim heretofore filed by him in the above estate and also

upon the application of the personal representatives 'for an order disallowing said claim, and the Court having found that the said claim was properly filed as required by law and that no objections had been filed thereto by the representatives, and having further found that the claimant brought suit on said claim within the time allowed by law for filing of such objections and that such suit resulted in a judgment of non-suit for the representatives and the Court being otherwise advised in the premises, it was ordered, adjudged and decreed that the application of the said S. G. Pierce be, and the same is hereby denied, and the petition of the said administrators be, and the same is hereby granted and the said claim of the said S. G. Pierce be, and the same is hereby disallowed and held not to be a valid claim against the said estate or the said representatives or the assets of Angelo Pasquarello, deceased, in their hands, custody, or control."

From this order appeal was taken to the Circuit Court of Dade County and on April 18, 1936, order was entered by the Circuit Court affirming the order appealed from.

From that order this appeal was taken.

When the claimant elected to file suit on his claim in the Civil Court of Record of Dade County he selected and invoked that jurisdiction to adjudicate his rights and could not after failure to prevail on the merits of his cause of action, and after waiting until long after the time had expired in which he could have instituted another suit on the claim, go back into the probate court and require the allowance of the claim. This is true because when claimant proceeded to prosecute his claim in the Civil Court of Record, alleging that the claim had been presented and filed in the County Judge's Court and that the administrators had refused to pay the same, he waived the statutory provision

(Sec. 122, Probate Act of 1933) relative to the filing of objections to claims within ten calendar months from the first publication of notice to creditors and thereby caused the twelve months limitation in which suit must be commenced to begin to run.

The record shows no error in the order appealed from and therefore, the same is now affirmed.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

BROWN and DAVIS, J. J., concur in the opinion and judgment.

DAVIS, J. (concurring).—Practically the whole argument of appellant is postulated upon the contention that under the 1933 Probate Act, it was *indispensable* for the personal representatives to file objections to claims within the time provided in par. b, Section 122 of the Probate Act, Section 5541 (94) C. G. L., Permanent Supplement. The statute is an acceleration statute designed to speed up the institution of litigation against estates on disputed claims. It was not intended to make the probate proceedings the forum for settling such claims through the simple expedient of treating all claims as valid merely because no contest thereof is filed, as might be done, by the personal representatives.

BROWN, J., concurs.