H. JOSEPHINE PAYNE DILL, as Executrix of the Estate of Emma L. Payne, deceased, v. RUTH E. STEVENS

196 So. 811
197 So. 849
Division B
Opinion Filed May 14, 1940
On Rehearing September 27, 1940

*King & Houghton,* for Appellant;

*McMullen, McMullen & Pogue,* for Appellee.

CHAPMAN, J.—The record shows that Ruth Stevens filed in the County Judge's Court of Pinellas County, Florida, a petition against the Estate of Emma Le Payne, deceased, for an order directing the payment of a promissory note for the sum of $500.00 against the estate of Emma Le Payne. The note is viz.:

$500.00                    FLINT, MICH., Nov. 2, 1926.

"One year after date, I, we, or either of us, promise to pay to the order of Mrs. Ruth Stevens Five Hundred and

no/100—Dollars at INDUSTRIAL SAVINGS BANK, Flint, Mich.

"Value received, with interest at the rate of 8 per cent per annum.

Mrs. Emma Le Payne

"P. O. "_____
"Due _____
"No. _____

"St. Petersburg, Fla.<br>"Nov. - 12 - 1935

"This is a note for $500.00 Five Hundred dollars, money I borrowed of Ruthe E. Stevens.

Mrs. Emma Le Payne."

The petition alleged that Ruth Stevens on October 28, 1938, filed a claim in the County Judge's Court of Pinellas County requesting the payment of the principal and interest on the aforesaid note in the total sum of $971.44, and that ten months had elapsed or intervened since the first creditor's notice was published and no objections to the payment thereof had been made or filed by the executrix or any other person interested in the administration of the estate, and that the estate owned property and had available assets out of which the promissory note could be paid.

An answer was filed by the executrix of the Emma Le Payne estate to the aforesaid petition in which it was admitted that the claim was filed and more than ten months had elapsed since notice to creditors was first published and no objections were filed by the executrix of the Payne estate to the payment of the said note, but the failure to file objections did not establish the validity of the said claim in the form of a promissory note; that the claim was void on its face and the proper forum to determine the validity of said claim was in the Circuit Court of Pinellas County.

On August 22, 1939, the Honorable Jack White, County Judge of Pinellas County, made and entered an order denying the petition of Ruth Stevens seeking an order of payment of the said note. without prejudice to the rights of Ruth Stevens to pursue such remedy or remedies for the enforcement of her said claim as she may be advised.

An appeal from the aforesaid order was perfected to the Circuit Court of Pinellas County, Florida, and on September 30, 1939, the Honorable John U. Bird, circuit judge, made and entered an order reversing the order appealed from as made by the County Judge of Pinellas County, and in remanding the cause directed that the County Judge of Pinellas County forthwith make and enter an appropriate order allowing the payment of her said claim according to the prayer of her petition. From said order of the Circuit Court of Pinellas County an appeal has been perfected to this Court.

The first question for adjudication is whether or not the claim filed in the County Judge's Court of Pinellas County by Ruth Stevens against the Estate of Emma Le Payne on its face is a valid claim. The claim is in the form of a promissory note and bears the signature of Mrs. Emma Le Payne, is dated at Flint, Mich., November 2, 1926, and matured one year after date. It will be observed that the note is not under seal, and Subsection 3 of Section 4663 C. G. L. provides that actions upon any contract, obligation or liability founded upon an instrument of writing not under seal must be brought within five years. It is contended, and we think properly so, that the defense as to the running of the statute of limitation, *supra,* was removed as a defense and the promissory note became a binding obligation of the estate when Mrs. Emma Le Payne, at St. Petersburg, Florida, on November 12, 1935, acknowledged the

former promise to pay in writing when she stated: "This is a note for $500.00 Five Hundred dollars, money I borrowed of Ruthe E. Stevens." Section 4650 C. G. L., provides:

"4650. (2930). Promise to Pay Debts Barred—Must be in Writing.—Every acknowledgment of, or promise to pay a debt barred by the statute of limitations, must be in writing and signed by the party to be charged."

The legal effect of said instrument was an acknowledgment of the debt or obligation and took the same out of the statute of limitations. See Woodham v. Hill, 78 Fla. 517, 83 So. 717; Hall v. Brown, 80 Fla. 481, 86 So. 277; Coke v. Phillips, 89 Fla. 283, 103 So. 612; Danielson v. Line, 135 Fla. 585, 185 So. 332.

The second question for determination by this Court is, viz.:

"Does a claimant who has filed his claim in strict accordance with the law against a solvent estate and who has waited longer than the time required by law for the personal representative of the estate to file objections to said claim have the legal right to file a petition with the county judge requesting an order for the payment of said claim when it appears that the claim is valid on its face and no request for an extension of time to file objections has been made by the personal representative, and does the county judge have authority to entertain said petition and make an adjudication with reference to said claim?"

The county judge answered this question in the negative, while the circuit judge on appeal answered it in the affirmative. An answer to this question is found in Sections 120, 121, 122 and 123 of Chapter 16103, Acts of 1933, Laws of Florida, being Sections 5541 (92), 5541 (93), 5541 (94), and 5541 (95), Permanent Supplement Comp. Gen. Laws.

In the case of Pierce v. Pasquarello, 125 Fla. 330, 169 So. 727, the claimant filed in the County Judge's Court of Dade County, Florida, a petition for the compulsory settlement and payment of a promissory note of the deceased and the court heard the parties and entered an order disallowing the payment of the said note and held that the same was not a valid claim against the said estate. An appeal to the circuit court was perfected, when an order of affirmance was entered and on an appeal to this Court the order of the Circuit Court of Dade County was affirmed. The County Judge of Pinellas County, in the case at bar, dismissed the petition seeking payment of the note here involved without prejudice to any remedy thereon as held by the said Ruth Stevens. He declined to pass on the question of whether or not the note was a valid claim against the estate. The circuit judge, on appeal, held that the note was a valid claim against the estate and reversed the order of the county judge and directed the payment of the said claim. It was the duty of the county judge to hear the petition of Ruth Stevens and determine whether or not the claim was valid and if a lawful claim, make and enter an order for its payment. See *In re:* Jeffries Estate, 136 Fla. 410, 181 So. 833.

The order appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON PETITION FOR REHEARING

PER CURIAM.—Upon consideration of the petition for rehearing filed in this cause on behalf of appellant, it appears to the Court that the opinion and judgment of the Court filed herein on the 14th day of May, 1940, ought to be ad-

hered to. 196 So. 811. It is thereupon ordered that the said petition for rehearing be and the same is hereby denied.

WHITFIELD, P. J., BUFORD and CHAPMAN, J. J., concur.

BROWN, J., dissents.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON PETITION FOR REHEARING

BROWN, J. (dissenting).—While I concurred in our opinion and decision in this case, upon further consideration of the case in the light of the petition for rehearing, I am inclined to think that our previous decision was erroneous and that the petition for rehearing should be granted.

In the first place, so far as the record brought to this Court discloses, the original note and acknowledgment, purported copies of which are attached to and made the basis of appellee's claim, as filed in the county judge's court, have never been introduced in evidence or exhibited before either the county judge or the circuit judge.

In the second place, I am not at all sure that we were correct in holding that the purported acknowledgment, to-wit: "This is a note for $500.00, money I borrowed of Ruth E. Stevens," is sufficient to remove the bar of the statute. We have held that a writing relied upon to revive a debt already barred by the statute of limitations should be certain and definite and an acknowledgment of the existence of the debt and a willingness to pay the same. Cosio v. Guerro, 67 Fla. 331, 65 So. 5; Woodham v. Hill, 78 Fla. 517, 83 So. 717; Knowles Bros. v. Larkin, 132 Fla. 667, 181 So. 896.

If the note was correctly copied in the exhibit attached to the claim, it was barred by the statute of limitations,

unless there was in fact a subsequent acknowledgment or promise to pay, and unless such subsequent acknowledgment, if proven, was sufficient in law to take the debt out of the statute. On the question of law involved, the executrix was entitled to an adjudication by a competent court, and on the question of fact involved, the executrix was entitled to demand in the course of such adjudications, if she desired it, a jury trial, unless she had waived this right to an adjudication by failure to file objections within the ten-months period, which is very doubtful; and even if she had waived this right, such waiver would not prevent the county judge from requiring an adjudication of the validity of the claim before ordering its payment.

The first notice to creditors was published on July 23, 1938, the claim was filed in time on October 28, 1938, and more than ten months had elapsed from the first publication of notice to creditors, during which time no objection had been filed, when on October 2, 1939, appellee filed her petition in the county judge's court for an order directing the executrix to pay said claim. The executrix promptly filed an answer to appellee's petition in which she stated that the failure to file objections did not establish the validity of the claim but merely determined the time within which action may be brought upon it. The executrix further alleged that the claim filed by appellee was and is void on its face, and that failure to file objection thereto does not lend any validity to it, and that the county judge was without jurisdiction to order its payment; that the proper method and the proper forum in which to determine the validity of this claim is by a suit thereon in the Circuit Court of Pinellas County, Florida. After hearing on the petititon and answer, the county judge entered an order denying the petition without prejudice to the rights of the petitioner to pursue such remedy or remedies for the adjudication and

enforcement of her claim as she might be advised. The writer is now inclined to think the county judge was correct in making said order.

From this order, an appeal was promptly taken to the circuit court, which reversed the order of the county judge, and remanded the cause to the county judge's court with instructions to forthwith enter an appropriate order allowing the claimant's claim as prayed for in her petition. And this judgment of the circuit court was affirmed by this court by opinion and decision handed down on May 14, 1940, to which this petition for rehearing is addressed.

The exact question here presented has not hitherto come before us. It is a question of great importance.

In our opinion of May 14, 1940, we overlooked the fact that the claim here involved has never been adjudicated on its merits, and if the county judge had granted claimant's petition for an order directing the payment of the claim, in the face of the answer of the personal representative denying its validity, he would have assumed to exercise the jurisdiction to order the payment of a disputed claim, thus preventing the raising of issues of fact and of law in an appropriate tribunal and depriving the personal representative of the right to a trial by jury, which right is incident to the trial of actions *ex contractu* at law.

Furthermore, can the mere inaction of the personal representative, by failing to file objections to claims within the ten-months period, deprive the county judge of his authority to require the plenary adjudication in courts of competent jurisdiction of doubtful claims against an estate which is being administered in his court?

And in determining whether a claim is sufficiently doubtful to require adjudication in a plenary action, may not the county judge, sitting as a probate court, consider, not

only the face of claimant's petition and the probate records, but also matters *dehors* the record, which may have come to the judge's knowledge? Can his exercise of discretion in such a matter be set aside on appeal without showing that such discretion has been abused? And if the mere failure of a personal representative to file objections within the time prescribed by the statute can deprive the probate court of its jurisdiction to require the adjudication of doubtful claims against estates, would it not open the door to possible collusion and fraud, which the heirs and distributees and honest creditors of the estate might find it very hard to later find any adequate remedy for?

In the case of Pierce v. Pasquarello, 125 Fla. 330, 169 So. 727, the late Mr. Justice DAVIS, in a concurring opinion in which the writer concurred, made these pertinent observations:

"Practically the whole argument of appellant is postulated upon the contention that under the 1933 Probate Act, it was *indispensable* for the personal representatives to file objections to claims within the time provided in par. b, Section 122 of the Probate Act, Section 5541, (94) C. G. L., Permanent Supplement. The statute is an acceleration statute designed to speed up the institution of litigation against estates on disputed claims. It was not intended to make the probate proceedings the forum for settling such claims through the simple expedient of treating all claims as valid merely because no contest thereof is filed, as might be done by the personal representatives."

I do not think that the majority opinion of Mr. Justice BUFORD in Pierce v. Pasquarello, *supra,* sustains the action taken by the circuit court in this case, nor our affirmance of such action. Nor do I find anything in the well considered opinion of Mr. Presiding Justice WHITFIELD in the

case of *In Re:* Estate of J. B. Jeffries, 136 Fla. 410, 181 So. 833, which supports the correctness of the circuit court's judgment in this case; rather the contrary. In that case, it was said: .

"Section 120 is in effect a statute of non-claim. Section 122 contains a limitation as to the time for filing objections to claims against a decedent's estate filed in the office of the county judge, and also contains a limitation of time for the institution of suits, actions or proceedings to establish claims that are duly objected to. But the statute expressly authorizes the county judge, upon good cause shown, to extend the time for filing objections to claims and for bringing suits, actions or proceedings on claims which have been duly objected to. This makes the stated time limits operate as rules of judicial procedure to be relaxed only for good cause shown. The reasonableness of the extension of time, and the grounds on which such extensions are decreed are to be determined by a county judge having authority under the Constitution to exercise judicial power of the State. The adjudication is to be governed by a given standard of judicial action, viz.: 'good cause shown,' subject to appropriate judicial review, in order that right and justice shall be administered by due course of law as required by the Constitution."

As the merits of the claim here involved have never been adjudicated by any court of competent jurisdiction, what jurisdiction did the county judge have to adjudicate this disputed claim, and what jurisdiction did the circuit court have to adjudicate that question on appeal from the county judge's court, which latter court had not attempted to pass on the merits of the claim? As I understand the principles embodied in the Probate Act of 1933, there are certain jurisdictional limitations placed upon the action of both the

probate and appellate courts with respect to the *original* adjudication of controverted claims against the estates of decedents, which contraversies are cognizable in our regular *trial* courts. Our ultimate decision of this case should, therefore, reflect the considered judgment of this Court upon a rehearing, which I trust will be granted, because it deals with fundamental questions of probate procedure and jurisdiction and will set an important precedent relating to the safe and orderly settlement and determination according to law of substantive rights which are brought in question in the administration of estates of decedents.

As I understand it, the Probate Act does not have the effect of making our probate judges trial judges in controversies of the nature here involved, nor should our probate judges be forced to recognize and order the payment of all claims not formally objected to, even when they have serious doubts of the validity thereof and would prefer to have such question of validity settled by a competent trial court before ordering the same paid out of the funds of the estate. Nor should the statute be so construed as to require personal representatives to file objections to *all* claims within ten months from the first publication of notice to creditors in order to make sure that they are not entrapped into the compulsory payment of some claim or claims which may be invalid, or of seriously questionable validity, by means of a petition filed by the claimant with the probate judge, promptly after the ten-months period has elapsed, for an order directing the payment of the claim, and this perchance before the personal representative has had a reasonable opportunity, after discovering the questionable validity of the claim, to present a petition to the probate judge for an extension of time to file formal objections thereto, as authorized by the Probate Act. It may be that in this case

the answer of the Executrix to the claimant's petition could have been treated by the county judge as an application for an extension of time in which to file formal objections, but as the county judge evidently thought that the claim, as stated in the answer thereto, was on its face one of questionable validity, (as the writer also thinks it was), he denied claimant's petition for payment without prejudice to the rights of the petitioner to pursue such remedy or remedies for the enforcement of her claim as she might be advised. Surely under these circumstances the county judge was not compelled to adjudicate the serious question of validity thus raised, nor was he compelled to summarily order the payment of the claim. A considerable degree of discretion should be left to the probate court in determining whether or not a claim should be adjudicated in a trial court before payment is ordered, and unless abuse of discretion is clearly shown, his action in such a matter should not be disturbed. Surely, no abuse of discretion is shown here.

The effect of the opinion of this Court in the Jeffries case, *supra,* is to hold, as I understand it, that it is only with reference to the statute of non-claim itself (Section 120 of the Probate Act) that the county judge is without any discretion whatever in directing the adjudication of claims.

For these reasons I think the petition for rehearing should be granted and the respective parties allowed to file briefs thereon.