IN RE: ESTATE OF JOHN BARRETT, Deceased, JOHN W. BARRETT and LELAND HYZER, as executors of the ESTATE OF JOHN BARRETT, deceased, v. ABEL J. WYMAN.

3 So. (2nd) 734

En Banc

Opinion Filed April 1, 1941

Rehearing Denied September 16, 1941

*Leland Hyzer,* and *Thomas H. Teasley,* for Appellants;

*L. Raymond O'Steen,* for Appellee.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the order herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said order; it is, therefore considered, ordered and adjudged by the Court that the said order of the Circuit Court, be and the same is hereby affirmed.

Affirmed.

WHITFIELD, TERRELL, BUFORD, CHAPMAN, and ADAMS, J. J., concur.

BROWN, C. J., and THOMAS, J., dissent.

### ON PETITION FOR REHEARING

PER CURIAM.—A petition for rehearing having been filed in this cause by Counsel for Appellants and having been duly considered, it is ordered by the Court that the said petition be and the same is hereby denied.

TERRELL, BUFORD, CHAPMAN and ADAMS, J. J., concur.

BROWN, C. J., WHITFIELD, and THOMAS, J. J. dissent.

BROWN, C. J., dissenting.—I think a rehearing should be granted in this case for the same reasons which caused me to dissent to the original opinion and judgment of affirmance.

John Barrett, a resident of Dade County, died in October, 1938, and letters testamentary were issued to John W. Barrett and Leland Hyzer as executors of his estate. The first publication of notice to creditors was on November 1, 1938. On November 25, 1938, the appellee here, Abel J. Wyman, filed his claim against the estate in the County Judge's court. The claim was for $380.00 for labor and personal services alleged to have been rendered to decedent during his life time. No written objection to the claim was filed by the executors. On August 21, 1941, Wyman filed in the County Judge's court a creditor's petition, reciting the filing of his claim, and alleging that no objections had been filed and that the same had not been disputed, but that petitioner had made many demands upon Leland Hyzer, one of the executors of the estate, for the payment of his claim but that said executor had failed and refused to pay it.

On September 3, 1941, the executors filed their answer to said petition, in which they denied that the

claim of A. J. Wyman was a bona fide claim and denied that it represented compensation due him for his labor and personal services rendered during the decedent's life time, and alleging among other things that a certain payment made to Wyman by the decedent on or about the first day of July 1938, was in full settlement of all claims or demands due by said decedent to Wyman. The executors also alleged in their answer that, while no objections had been filed in the County Judge's court, the claim of said A. J. Wyman had been disputed and Wyman orally advised that his claim was improper and not due and owing; that the failure of the executors to file formal objections thereto did not make the claim a valid one, and that the Supreme Court had so held in the case of Pierce v. Pesquarello, hereinafter in this opinion referred to. The answer admitted that Wyman had made many demands upon Leland Hyzer, one of the executors, and that Hyzer had refused to pay said claim, and that said executors had at all times disputed the payment of the claim and had advised Wyman that he would only pay the claim in the event that Wyman brought suit against the executors thereon and recovered a judgment therefor.

The order of the County Judge, rendered on October 1, 1941, without going into the merits of the claim, granted the petition of A. J. Wyman and ordered the said executors of the estate to forthwith pay to Wyman the amount of said claim, together with interest thereon. The order recites that the cause had come on to be heard upon the said petition filed by Wyman and that argument was had thereon and that the court found that said claim was filed within the time prescribed by the Probate Act, and that no

objection had been filed thereto by the personal representatives of the estate or any one else within the period allowed by the Probate Act, in consideration whereof the order for the payment of the claim was made as above stated.

On appeal to the Circuit Court the order of the County Judge was affirmed. Whereupon appeal was taken to this Court.

It thus appears that the County Judge did not consider or pass upon the merits of the claim, but ordered the same paid because no objection had been filed thereto by the executors of the estate within the time provided in the Probate Act. It will thus be seen that this case involves the construction of paragraph (b) of Section 122 of the 1933 Probate Act, which is also set out in Section 5541 (94) Perm, Suppl. to C. G. L.

The first case in which we construed said Section 122 was the case of Pierce v. Pasquarello, 125 Fla. 330, 169 So. 727, in which case Mr. Leland Hyzer, one of the appellants here, was counsel for the appellant. In that case, Pierce filed his claim against the estate in the County Judge's court within the time required by the statute, the same being based on an alleged promissory note appearing to have been executed by the decedent. The claim was not paid and suit was brought on the claim against the personal representatives in the Civil Court of Record for Dade County. During the trial of the case, the Judge of the Civil Court of Record announced that he would direct a verdict for the defendants, whereupon appellant took a non-suit. Subsequent to the taking of the non-suit, no written objection to Pierce's claim having been filed in the County Judge's court within the time provided in paragraph (b) of said section 122, Pierce

filed his petition in the County Judge's Court, claiming that inasmuch as no objection to said claim had been filed by the Administrators of the estate within the time prescribed by law, and no extension of time within which to file such objection ·having been obtained by the administrators, the petitioner moved the court for an order directing the administrators to make payment of petitioner's claim. The petition was denied by the County Judge, and on appeal to the Circuit Court for Dade County, the County Judge's order was affirmed. Then appeal was taken to this court, which affirmed the judgment of the Circuit Court.

The opinion of the Court in this Pasquarello case, which was written by Mr. Justice BUFORD, had this to say:

"When the claimant elected to file suit on this claim in the Civil Court of Record of Dade County he selected and invoked that jurisdiction to adjudicate his rights and could not after failure to prevail on the merits of his cause of action, and after waiting until long after the time had expired in which he could have instituted another suit on the claim, go back into the probate court and require the allowance of the claim. This is true because when claimant proceeded to prosecute his claim in the Civil Court of Record, alleging that the claim had been presented and filed in the County Judge's Court and that the administrators had refused to pay the same, he waived the statutory provisions (Sec. 122, Probate Act of 1933) relative to the filing of objections to claims within ten calendar months from the first publication of notice to creditors and thereby caused the

twelve months limitation in which suit must be commenced to begin to run."

Mr. Justice DAVIS wrote a very significant concurring opinion, in which the writer concurred, and which reads as follows:

"Practically the whole argument of appellant is postulated upon the contention that under the 1933 Probate Act, it was *indispensable* for the personal representatives to file objections to claims within the time provided in par. b, Section 122 of the Probate Act, Section 5541 (94) C. G. L., Permanent Supplement. The statute is an acceleration statute designed to speed up the institution of litigation against estates on disputed claims. *It was not intended to make the probate proceedings the forum for settling such claims through the simple expedient of treating all claims as valid merely because no contest thereof is filed, as might be done, by the personal representatives."*

(Italics supplied)

I think the decision and the opinion in the above case established the rule that the requirement of paragraph (b), Section 122 of the Probate Act, for the filing of objections to claims, is not mandatory and compulsory, and that the plaintiff filed such objections within the prescribed time as to any particular claim does not, *ipso facto,* render such claim a valid and incontestible claim.

The language of Section 120 of said Probate Act shows that it *is* mandatory. It provides that no claim or demand shall be valid or binding upon any estate or the personal representatives thereof unless the same shall be in writing and shall be filed within eight months from the time of the first publication of

notice to creditors. This is a statute of non-claim, and the mandatory character of Section 120 has been recognized and enforced by this Court.

But paragraph (b) of Section 122 of said Probate Act is not, by its very language, mandatory in character. Thus, the first sentence of this paragraph begins with these words:

"On or before the expiration of ten calendar months from the first publication of notice to creditors, any personal representative or other person interested in the estate may file in the office of the County Judge written objection to any claim or demand filed; and if such objection shall be filed, the claimant shall have twelve calendar months from the first publication of notice to creditors in which to bring appropriate suit, action or proceedings upon such claim unless the time be limited as hereinafter provided."

Hence Mr. Justice DAVIS was correct in saying that:

"The statute is an acceleration statute designed to speed up the institution of litigation against estates on disputed claims."

In his work on Wills and Administration of Estates in Florida, at page 588, in commenting on this portion of the statute, Mr. Redfearn says:

"The provisions of paragraph (b) for filing objections are new. Prior to the adoption of the present act, the filing of a claim which was disputed kept the estate open until the creditor elected to pursue his remedy. The County Judge did not have, and under the Florida Constitution probably could not have been given, power to determine disputed claims."

In Mott v. First National Bank, 98 Fla. 1929, 124 So. 36, this Court said:

"In respect to his probate powers, the county judge exercises a general jurisdiction within a limited and defined sphere, but the jurisdiction so exercised by him is not that of a court of general jurisdiction according to the course of the common law. Epping v. Robinson, 21 Fla. 36, *idem* 24 Fla. 237, 4 So. 812."

The principal opinion in the Pasquarello case, above cited, held that the claimant by prosecuting his claim in the Civil Court of Record, did waive the statutory provision with reference to the filing of objections to claims. If that provision had been absolutely mandatory, it certainly could not have been waived.

The opinion of this Court in Re Estate of J. B. Jeffreys, 136 Fla. 410, 181 So. 433, which was written by Mr. Justice WHITFIELD, also shows that the provisions of paragraph (b) of Section 122 are not mandatory. In that case the right of claimant to obtain an order after the expiration of the time provided, to extend the time within which to bring suit on a claim objected to, was sustained. In the opinion it is said:

"The County Judge though stating good cause was shown, refused to extend the time for bringing suit for action on the claim upon the sole ground of lack of jurisdiction to do so under the statute, in that more than twelve months had elapsed after the first publication of the notice to creditors. This was error," etc.

Further on in the opinion it is said:

"This makes the stated time limits operate as rules of judicial procedure to be relaxed only for good grounds shown."

The mere failure of the personal representative to file formal objections within the time prescribed by the statute should not, in my opinion, be deemed as an establishment of the validity of the claim. I think

this would be a dangerous precedent to set. The personal representative is frequently not personally cognizant of the transactions out of which the claims filed against the estate arose. As was said in the case of Schultz v. Morette, 40 Northeastern, 780:

"It would subject the estates of decedents to great danger if mere silence of the executor should be regarded as an admission of a claim presented, and relieve the claimant from establishing it in the ordinary way, and put upon the estate the burden of affirmatively establishing mistake or error. The office of executor or administrator is one exceedingly necessary and useful, and must, in frequent circumstances, be assumed by persons unskilled in legal matters; and to infer from mere silence on the part of the executor or administrator an agreement that the claim was just, and a promise to pay it, would often contradict the real intention, and tend to subject estates of decedents to the payment of unfounded claims."

In the case of Dill v. Stevens, 144 Fla. 307, 196 So. 811, and on rehearing, 197 So. 849, this Court held, in an opinion concurred in by four of the Justices, one of whom, the writer, revised his position on rehearing, that: "A claimant who has filed his claim in accordance with law against a solvent estate and who has waited longer than the time required by law for the personal representative of estate to file objections to the claim has the right to file a petition with the county judge requesting an order for payment of the claim when it appears that the claim is valid on its face and no request for an extension of time to file objections has been made by personal representative, and county judge is bound to hear the petition and de-

termine whether the claim is valid, and, if a lawful claim, make and enter an order for its payment."

In that case the Court was dealing with a claim founded upon a note bearing the signature of the testatrix, and which note not being under seal, would have been barred by the statute of limitations had not the maker of the note endorsed at the bottom of it a notation signed by her which this Court held kept the same from being barred by the statute and made the claim a valid claim on its face.

Here, we are dealing with an unliquidated claim for labor performed and services rendered by the claimant. In the opinion in the Dill case, this Court said:

"It was the duty of the County Judge to hear the petition of Ruth Stevens and to determine whether or not the claim was valid, and if a lawful claim, make and enter an order for its payment."

Here it seems that the learned county judge who evidently had the case of Dill v. Stevens in mind when he made the order here involved, must have overlooked that sentence in the opinion. In the case at bar it seems that the county judge did not determine whether or not the claim was valid, but based his order requiring payment of the claim on the failure of the executors to file objections thereto within the time prescribed by the statute. So, even under the case of Dill v. Stevens, it seems to me that the county judge in this case was in error and that we should so hold.

But in this case it seems to me that the county judge would not have been acting within his jurisdiction to determine the validity of a disputed claim, such as this one, by a summary order, but that under the facts and circumstances as disclosed by this

record, he should have left it to the claimant to establish the validity of the claim, if he could, by an action against the executors in a court of competent jurisdiction. A county judge has jurisdiction in cases at law only where the demand or value of property involved shall not exceed $100.00, and also of proceedings relating to forcible entry or unlawful detention of lands and tenements, and of such criminal cases as the Legislature may prescribe. I do not think that his jurisdiction to discharge all the duties usually pertaining to courts of probate as provided in Section 17 of Article V of the Constitution, would vest the county judge with jurisdiction to summarily try or determine, without a jury, contested claims as between claimants and personal representatives of estates, where there is a bona fide denial of liability by the executors of the estate, and the validity and bona fides of the claim are denied by such executors. In such cases the claimant should be left to his action at law, especially in such cases where the demand exceeds $100.00 in amount, and I think that this provision holds good, even where the time for filing objections under the statute has expired, especially, as here, where it appears that the executors had told the claimant in person that they would not recognize his claim or pay it, and that this was done within the ten months period.

The Probate Act does not, in my opinion, make our probate judges trial judges in controversies of the nature here involved. Nor should our probate judges be forced to recognize and order the payment of all claims not formally objected to within the time required by the statute; nor should the statute be so construed as to require personal representatives to file objections to all claims within the ten months

period in order to make sure that they are not entrapped into the compulsory payment, on summary order of the Probate Judge, of some claim or claims which may be invalid, or of seriously questionable validity.

In this general connection see Spitzer v. Branning, 135 Fla. 49, 184 So. 770.

We must not overlook the fact that Section 3 of the Declaration of Rights provides:

"The right of trial by jury shall be secured to all, and remain inviolate forever."

In the case at bar, the county judge did not consider the merits of the claim of Abel J. Wyman, but entered the order directing the payment of the claim solely for the reason that the executors of the estate did not file their written objections to Wyman's claim within said ten months period. I am of the view that under all of our previous decisions, even including the case of Dill v. Stevens, the order of the county judge was erroneous, and that the circuit court erred in affirming his order. I think that a rehearing should be granted in this case and that on such rehearing the judgment of the circuit court should be reversed.

WHITFIELD and THOMAS, J. J., concur.

TERRELL, BUFORD, CHAPMAN and ADAMS, J. J., dissent.