**THE FLORIDA NATIONAL BANK OF JACKSONVILLE, a corporation, v. SAMUEL KASSEWITZ, as Administrator of the Estate of Max N. Oberdorfer, deceased.**

25 So. (2nd) 271  
September 28, 1945  
Rehearing granted October 19, 1945  
On rehearing February 19, 1946  
Rehearing denied March 27, 1946

June Term, 1945  
Division A

*Harrell & McCauley,* for appellant.  
*Martin Sack,* for Appellee.

PER CURIAM:

The record here discloses that at and before the beginning of the year 1932 the plaintiff in the court below, appellant here which will be hereinafter referred to as the Bank, was the owner and holder and payee of a certain joint and several promissory notes made and executed by Percy W. Zacharias, J. Rosenberg and Max N. Oberdorfer for the sum of $14,500.00 and was also the owner and holder of a certain note as endorsee and of a certain mortgage as assignee of the said parties above named, which said mortgage and note securing

same was made, executed and delivered by Associated Owners, Inc., a corporation existing under the laws of the State of Florida, to P. W. Zacharias, Max N. Oberdorfer and Jac Rosenberg; and that on October 1, 1931, the said Zacharias, Oberdorfer and Rosenberg to secure the payment of their indebtedness to the Bank, made, executed and delivered to the Bank their contract of pledge under seal wherein and whereby they jointly and severally pledged the mortgage and note from Associated Owners, Inc. to them as collateral to secure the payment of the indebtedness to the Bank and then and there for such purpose assigned the said mortgage and endorsed the said note to the said Bank.

Neither the mortgage and note held as collateral security by the Bank nor the note made to the Bank by Zacharias, Rosenberg and Oberdorfer to the Bank was paid at maturity.

Thereafter, plaintiff filed suit in chancery against the several parties, including those above named, to foreclose its contract of pledge of the mortgage and note above mentioned, and to foreclose the mortgage and note which it held by assignment and endorsement as collateral to secure the payment of the note made by Zacharias, Oberdorfer and Rosenberg and by its amended bill of complaint made Associated Owners, Inc., a dissolved corporation, and all unknown persons or parties, whether natural, corporate or municipal, claiming any interest through, under or from said Associated Owners, Inc., a dissolved corporation, in and to the lands involved herein, and hereinafter deescribed, and Jac Rosenberg, P. W. Zacharias and Max N. Oberdorfer as and constituting the Trustees for the property of Associated Owners, Inc., a dissolved corporation; and Jac Rosenberg also known as J. Rosenberg, P. W. Zacharias also known as Percy W. Zacharias and Max N. Oberdorfer, severally, parties defendant to said cause and by apt words and figures alleged the making, executing and delivering of the note and mortgage by Associated Owners, Inc. to Zacharias, Oberdorfer and Rosenberg and the Assignment and endorsement of such mortgage and note by Zacharias, Oberdorfer and Rosenberg to the Bank and collateral and also alleged the making, execution and delivery of the note and contract of pledge by Zacharias, Oberdorfer and Rosenberg to the Bank.

The bill prayed, inter alia,

"That a Special Master of this Court may be appointed to take and state an account of the amounts due plaintiff under and secured by said mortgage and evidenced and represented by said mortgage note, or otherwise, for principal, interest, taxes, abstract costs and solicitors' fees, and other costs and charges, and of the amount due or owing by said defendants, or any or either of them to plaintiff and secured by said mortgage deed, or otherwise.

"(d) That plaintiff be decreed to have a lien on the mortgaged property hereinbefore described herein for the amount due under and secured by said mortgage deed and evidenced and represented by said mortgage note; and that the said Associated Owners, Inc., a dissolved corporation or its said Directors as Trustee for said dissolved corporation, or any of the defendants liable for the payment of the said several sums, may be decreed to pay, by a short day to be fixed by the Court the debt due plaintiff, including principal, interest, taxes, abstract costs and solicitors' fees and whatever sum total may appear to be due plaintiff upon the taking of the aforesaid account and that in default of such payment the mortgaged premises hereinbefore particularly described be sold in such manner as the Court shall direct.

"(e) That the said Special Master take and state an account of the amounts due plaintiff by and from the defendants, Percy W. Zacharias, Max N. Oberdorfer and J. Rosenberg, upon, under and by virtue of their certain promissory note dated October 1st 1931 and hereinbefore described and mentioned in paragraph VIII of this amended Bill of Complaint; and that plaintiff be decreed to have a lien on the mortgage note and mortgage deed, hereinbefore particularly mentioned and described in Paragraph I and II hereof, for the payment of the amount due plaintiff on the promissory note executed by Percy W. Zacharias, Max N. Oberdorfer and J. Rosenberg to plaintiff, hereinbefore particularly mentioned and described in paragraph VIII hereof.

"(f) That, by decree of this Court, Percy W. Zacharias, Max N. Oberdorfer and J. Rosenberg be directed and required to pay to plaintiff the amount found to be due by said

defendants to plaintiff on account of, and upon, their promissory note, said note being hereinbefore particularly mentioned and described in Paragraph VIII hereof, and that in default of such payment plaintiff be allowed and authorized by decree of this Court, upon the sale of the mortgaged property, to apply the proceeds of the sale upon the mortgage note from Associated Owners, Inc., to P. W. Zacharias, Max N. Oberdorfer and Jac Rosenberg.

"(g) That in the event of a sale of the said mortgaged premises to satisfy the indebtedness of said defendants, Percy W. Zacharias, Max N. Oberdorfer and J. Rosenberg to the plaintiff, all defendants herein and all persons claiming by, through or under them, or any or either of them, since the commencement of this suit, may be severally barred and foreclosed of all right, title, interest, estate and equity of redemption in and to the said mortgaged premises or the proceeds of the sale.

"(h) That in the event of a sale of said mortgaged property, said Master may be ordered to convey the same to the purchaser thereof by good and sufficient instrument of conveyance free and clear of all liens and encumbrances.

"(i) That in the event such sale of the mortgaged property is had and the proceeds are unsufficient to pay the amounts decreed to be due plaintiff then, that the Special Master shall apply the proceeds of such sale in such manner and order as may hereinafter be decreed by this Court, as far as the same may extend, and that thereupon plaintiff may have a decree of this Court for such deficiency as may exist against said defendants, or any or either of them liable therefor."

On October 29, 1941, the court entered its final decree foreclosing the mortgage for the sum of $38,217.72 plus interest at 7% from October 10, 1941, plus $250.00 allowed as attorneys' fees, together with 6% interest per annum from the date of the decree until paid, and foreclosing plaintiff's contract of pledge for the sum of $12,629.46 with interest until paid and retaining jurisdiction for further orders.

On April 28, 1942, on the application of the plaintiff for deficiency decree and for confirmation of the Master's Report,

the court entered its order confirming the Master's Report and denying application of plaintiff for the entry of a deficiency decree or judgment.

On May 22, 1942, the plaintiff, having filed no motion for a rehearing on the order denying deficiency decree, and without appealing from that decree or otherwise challenging the same and such order having thereby become a final judgment against the plaintiff entered within the exercise of the jurisdiction of the court, filed its suit at law in the Circuit Court of Duval County, Florida seeking a judgment against the administrator of Max N. Oberdorfer who died intestate on July 10, 1940. To the declaration the defendant filed, amongst other pleas, its further amended Fourth plea on April 27, 1943, in which he pleaded the chancery suit above mentioned and is referred to in the plea as case No. 39892-E, and pleaded the result of that suit, the final decree and the order of the Chancellor denying plaintiff's application for a deficiency decree as bar to this suit.

After settling pleadings, the case was submitted to the Honorable Bayard B. Shields as Circuit Judge without the intervention of a jury. A motion was made to strike from the files in this case Exhibit No. 3 which was attached to and made a part of the aforementioned defendant's further amended plea. This motion to strike was denied.

After hearing testimony and receiving documentary evidence, the court entered final judgment as follows:

"IT IS THEREUPON CONSIDERED AND ORDERED: that the plaintiff, the Florida National Bank of Jacksonville, a corporation, take nothing by its suit herein, that the defendant Samuel Kassewitz, as Administrator of the Estate of Max N. Oberdorfer, deceased, go hence without day, and that said defendant do have and recover of said plaintiff his costs in this behalf expended and herein taxed at $_____.

"DONE AND ENTERED at Jacksonville, Florida, this 6th day of October, A. D. 1944."

We have set out rather fully the various steps taken in this cause because we believe that such portrayal will be of interest to the Bench and Bar of Florida. We think the law of the case is definitely settled by the opinions and judgments

of this Court in the cases of Pierce v. Pasquerello, 125 Fla. 330, 169 So. 727; Crawford v. Woodard, 140 Fla. 38, 191 So. 311 and Degge v. First State Bank of Eustis, 145 Fla. 438, 199 Sou. 564. Therefore, on authority of the opinions and judgments in these cases, and cases therein cited, the judgment is affirmed.

So ordered

Affirmed.

CHAPMAN, C. J., TERRELL, BUFORD and ADAMS, JJ., concur.

ON REHEARING GRANTED

ADAMS, J.:

On September 28, 1945, we considered this appeal and affirmed the judgment entered below. Thereafter we granted a rehearing and re-argument.

In 1931, one Oberdorfer and others, by their promissory note, obligated to pay The Florida National Bank $14,500.00. The makers pledged to the bank another note, and a mortgage securing same, as collateral security to the primary note. The note was not paid and the Bank sued in equity to perfect its lien and to foreclose on the collateral. A deficiency decree was prayed against all defendants who might be adjudged to be liable on the pledged debt and the primary note. Oberdorfer died and the suit was revived against his administrator, Kassewitz. The collateral brought less than enough to pay the primary note whereupon the Bank applied to the chancellor for a deficiency against the administrator. The administrator resisted the motion for lack of jurisdiction in the court and other legal reasons none of which claimed payment or non-liability for the deficiency. The court denied the deficiency and no appeal was taken.

Thereafter the Bank sued the administrator at law for the balance due on the primary note. The administrator filed several pleas, among which was the former adjudication of the question wherein the chancellor denied the deficiency.

In the final analysis the question is whether the chancellor had the *power* to grant a deficiency for the balance remaining on the primary note. If he had such power the question is

no longer debatable that the denial would be a good plea in bar. Coffrin v. Sayles, 128 Fla. 622, 175 So. 236; Crawford v. Woodward, 140 Fla. 38, 191 So. 311.

Appellee insists that the decision in this case is ruled by Pierce v. Pasquarello, 125 Fla. 330, 169 So. 727. To this we do not agree, because of a factual difference. It must be re-. membered that deficiency decrees have been sanctioned only in foreclosure of mortgages. We have held that a deficiency would not be allowed in the foreclosure of a contract of purchase. McCaskill Co. v. Dekle, 88 Fla. 285, 102 So. 252.

This is not a case to apply the rule that equity once assumes jurisdiction will retain the cause to give full relief. This rule does not contemplate investing power in the court beyond its recognized jurisdiction. Judgments bind no one unless entered by a court having jurisdiction. The court's power arises by virtue of the law. It cannot arise by agreement of the parties; neither can it be infused in the court by error or inadvertence of the parties or their counsel. Johnson et al. v. McKinnon, 54 Fla. 221, 45 So. 23; Windsor v. McVeigh, 93 U.S. 274, 23 L. Ed. 914.

The doctrine of res judicata is not applicable where the judgment plead was entered without complying with jurisdictional requirements because for that reason the judgment is void. See Harvard Law Review, Vol. 56, page 1 et seq.

After due consideration on rehearing, our conclusion is that the chancellor had no jurisdiction to adjudicate the question of a deficiency on the primary note and for that reason the denial thereof would not constitute res judicata.

There were rulings on other pleas adverse to appellee and no cross assignments of error are filed as to such rulings therefore we make no comment on those questions.

The former opinion is vacated and withdrawn and the judgment appealed from is reversed for further proceedings.

CHAPMAN, C. J., TERRELL, BROWN, BUFORD, THOMAS and SEBRING, JJ., concur.