### In re WHEELAN'S ESTATE.

Circuit Court, Dade County, Civil Appeal.

March 9, 1954.

Brunstetter & Netter, Miami, for appellant.

Morrissey & Vogel, Miami, for appellees.

STANLEY MILLEDGE, Circuit Judge.

This case involves the question of the legal consequences of the personal representatives' failure to object to a claim within the time allowed for objections.

Kathleen Shanley, a registered nurse, filed a claim against the estate of Carrie Wheelan on May 28, 1952 in the amount of $1,643 for nursing services to the decedent. Notice to creditors was given February 13, 1952. No objection by the executrices was filed against the claim of Miss Shanley.

On February 26, 1953 the attorneys for the executrices filed a "motion to strike" the claim alleging the bar of the statute of limitations. A hearing was had on this before the county judge, who on April 21, 1953 denied the motion and set the cause for hearing on May 20, 1953, for taking testimony on the validity of the claim with reference to the statute of limitations. Considerable testimony was taken resulting in an order of the county judge on July 13, 1953, finding that the statute had run, and that the claim was invalid and barred from payment. From this order an appeal was taken.

The main question, I think, is whether the county judge had power to try the issue of fact as to the running of the statute of

limitations. Section 733.18(2), Florida Statutes 1951,[1] expressly states the consequences of an objection to a claim against an estate. The claimant must bring suit against the personal representative in the court having jurisdiction—in the present case, in the civil court of record. All questions bearing on the validity and amount of the claim are determined by the suit. The statute does not expressly spell out the legal consequences of a failure to file objections to a claim.

The personal representatives here contend that such failure does not prevent a contest of the claim but merely transfers the forum to the county judge's court. Shambow v. Shambow (Fla.), 5 So. 2d 454, and Dill v. Stevens (Fla.), 196 So. 811, are cited in support of this proposition. The Shambow case involved a personal claim of the person who was personal representative of the estate. Obviously, when a fiduciary is dealing with himself personally, a waiver of objections should not validate a claim and some disinterested authority must examine the matter and pass upon it. The Dill case does not decide that a county judge may reject a claim to which no objections were timely filed, but only that the county judge should coerce payment of a claim unobjected to. In that case there were no objections and the county judge was petitioned to enforce payment. The county judge dismissed the petition with leave to the claimant to sue. The circuit court reversed

---

[1] On or before the expiration of ten calendar months from the first publication of notice to creditors, any personal representative or other person interested in the estate may file in the office of the county judge written objection to any claim or demand filed; and if such objection is filed, the claimant shall have twelve calendar months from the first publication of notice to creditors in which to bring appropriate suit, action or proceeding upon such claim unless the time is limited as hereinafter provided. An objection filed to any unmatured claim matures the same for the purpose of the establishment of the validity and amount thereof by suit. If objection is filed, the person filing it may serve a copy of such objection by registered mail or personal service on the creditor to whose claim he objects and also on the personal representative if the objection is filed by any interested person other than the personal representative. In such event, the claimant shall be limited to two calendar months from the date of such service within which to bring appropriate suit, action or proceedings upon such claim. The county judge for good cause shown may extend the time for filing objection to any claim or demand and may likewise for good cause shown extend the time for filing appropriate suit, action or proceedings upon any such claim after objection is filed; but in either event, said extension of time shall be granted only after due notice of such application. No suit, action or proceeding shall be brought against any personal representative after the time limited above. If objection is filed to the claim of any creditor and suit is brought by the creditor to establish his claim or demand, a judgment establishing such claim shall give it no priority over claims of the same general class to which it belongs.

and directed the county judge to require payment. This was affirmed. The sentence in the Supreme Court's opinion that it is the duty of the county judge to pass on the validity of claims, is dictum. On the facts, the decision is directly in accord with my judgment here.

I am forced to the conclusion that the county judge has no power to reject a claim or, what is the same thing, to determine a disputed question of fact upon which the question of validity depends. It is clear that the legislature, in the Probate Act, definitely fixed the jurisdiction of courts to pass on the validity of disputed claims against estates, a necessary incident of which is, in most cases, a jury trial. That the validity of the Shanley claim was a dispute of fact is quite evident for the judgment resulted from conflicting evidence. Had the executrices objected to the claim, Miss Shanley could have sued and had a jury pass on the very question decided by Judge Dowling. It seems preposterous to me that while ordinarily silence means acquiescence, and that rights once existing may be lost by failure to act, that here failure to exercise a right causes some one else to lose his own right. Can it be that by failing to object the right to sue can be destroyed?

Since in Florida a personal representative may not waive a limitation to sue, it may be contended that the estate should not be required to pay an outlawed claim merely because of failure to make timely objection. My answer is that failure to object removes the necessity for suit. It is as if a judgment for claimant had been entered. But if the estate is required to pay a claim because of the negligence of a personal representative, the remedy of the estate lies in surcharging the personal representative's account. In other words, the ultimate loss falls on the personal representative. This could also arise by suffering a judgment negligently. Suppose after objection a law action is filed and the executor fails to defend and offer evidence. A judgment is entered. Who would argue that the estate could not be required to pay the judgment, or that the county judge could order the judgment invalid? The judgment would be paid and the executor surcharged for the amount.

The basic point is that it is the personal representative, not the county judge, who is charged with the responsibility of administering an estate. The personal representative, like any other person, is held to the legal consequences of his acts or omissions. Had the claim here been objected to, and timely suit not brought, the courts would have no difficulty in denying Miss Shanley all further remedy regardless of the justice of her claim. I think that the converse is equally true. It seems ironic that here the executrices say that they ignored a statute of limitation (in failing to object)

but they insist that the court bar the claim because the creditor permitted the statute of limitation to run.

If my construction of section 733.18(2) is not accepted, what is the alternative? First, that the non-action of the personal representative destroys a statutory right of a claimant. Second, if failure to object still leaves legal hurdles for the claimant to surmount, what are they? Upon what grounds does a personal representative refuse to pay the unobjected to claim? If the "validity" of the claim must be approved or rejected by the county judge, are all grounds of invalidity open for inquiry or only some? If the latter, by what standards does the court make a distinction and if the former, we have gone full circle. The personal representative has then, by a failure to perform a statutory duty, destroyed a statutory right.

The contention that trial by jury may be waived and has here been waived, has no merit. This only applies to a proceeding in a court in which issues of fact are normally tried by jury and the jury may be waived. If the county judge, in probate, may act at all, he acts without a jury. One may waive a mere procedural technique, but one does not waive jurisdiction of the court, nor may jurisdiction be conferred by consent. When one is given a right to trial by jury by a statute, he does not waive this by contending in another court which has no jury.

I am of the opinion that the county judge was without power to adjudicate Miss Shanley's claim invalid. I think he can only require the executrices to pay the claim since they failed to object. The judgment appealed from is reversed with the above direction, which is, of course, without prejudice to the beneficiaries of the estate to seek to surcharge the executrices for failure to object.