**In re PERRY'S ESTATE.**

County Judge's Court, Palm Beach County.

April 2, 1954.

J. Leo Chapman, West Palm Beach, for the administratrix.

Carroll Dunscombe, Stuart, for the creditor.

RICHARD P. ROBBINS, County Judge.

This cause came before me on the petition of Trueman Fertilizer Co., a creditor of the deceased, Wise Perry, filed herein on February 10, 1954, seeking an order requiring the administratrix de bonis non to take possession and sell so much of the real estate of deceased as shall be sufficient to pay its claim. The administratrix has filed her answer to the petition and a motion to dismiss the same. As one of the grounds of the motion she sets forth—"6. It appears from said petition and the preceding files herein that petitioner has been guilty of laches of such character as to prevent any action for the enforcement of its claim." At the conclusion of the hearing and oral argument on the petition, answer and motion the court stated the petition would not be granted if it should be determined that the administratrix could not succeed in an effort to be placed in possession of the realty for that purpose.

The original petition filed in this estate on July 1, 1930 discloses that Wise Perry died on March 17 of that year possessed of an estated in personal property of the value of $500. Letters of administration were issued to one C. L. Holman on that petition on August 4, 1930. On October 30, 1930 Trueman Fertilizer Co. filed its claim in the amount of $1,053.32, whereupon it became apparent on the face of the record that there were insufficient personal assets in the estate with which to pay petitioner's claim.

The administrator, C. L. Holman, having made no appreciable effort to liquidate the estate or pay petitioner's claim, a petition was filed on March 5, 1936 by one C. L. Hawkins, alleged to be the agent for the creditor, Trueman Fertilizer Co., asking that letters of administration de bonis non be issued to him, and on May 18, 1937 the letters issued to C. L. Holman were revoked and E. L. Hawkins was allowed to qualify as such administrator. Thus the Trueman Fertilizer Co. through its agent came into full authority to pursue whatever remedy it saw fit to have the assets of the estate applied to the payment of its claim.

The law in force at the time of decedent's death and the appointment of the first administrator was section 5629 of the Compiled General Laws of Florida, 1927, which provided—"Real estate shall be liable for the debts of a decedent but shall descend to the heir or devisee and remain in his possession until the executor or administrator shall take possession of the same under the order of the court, or until the same shall be sold under execution by any creditor of the decedent." Succeeding sections provided the procedure for reducing the possession of such real estate to the administrator and selling the same for the payment of debts.

While the Florida Probate Act (Ch. 16, 103, Acts 1933, Sec. 2.) applied only to the estates of persons dying after October 1, 1933, the revision thereof adopted and enacted as statute law by Act of the Legislature (Ch. 20719, Laws of 1941) states that the Florida Probate Law governs the estates of all decedents whether dying prior to or after its enactment, and section 733.01 of said Act provides that—"The personal representative shall take possession of the estate of a decedent, real and personal (except homestead), and the rents, income, issues and profits therefrom, and of the proceeds arising from the sale, lease or mortgage of the same or any part thereof." Further, that—"All such property . . . shall be assets in the hands of the personal representative for the payment of legacies, debts . . ."

In Central Farmers' Trust Co. v. Pinkham, 146 So. 563, our Supreme Court held that where a corporation is substantially owned by a decedent the property owned by it may be administered as assets of his estate pursuant to the statutes governing the administration of the estates of decedents.

It appears from exhibits filed in this cause that at the time of his death Wise Perry was the owner of 99 shares of the total 100 outstanding shares of the capital stock of Perry Realty Company, that he owned in fee simple numerous tracts of land situated in various parts of Florida and that the Perry Realty Company owned in fee simple other tracts in Palm Beach and Martin counties.

On May 4, 1951 Ethel Mae Allison, one of the children and next of kin of Wise Perry, filed her suit for partition in the circuit court of Palm Beach County against the other heirs-at-law of the deceased seeking an accounting and a division of the lands aforesaid. On December 1, 1952 on her application the administrator, E. L. Hawkins, was removed by order of this court for failure to file an inventory of property belonging to the estate or any return or report of his administration, and Ethel Mae Allison was appointed administratrix de bonis non in his stead. A decree was entered in the partition suit on January 13, 1953 that the lands be partitioned among the heirs-at-law of Wise Perry as tenants in common thereof.

The question to be decided now is whether the present administratrix should at this late date be required to institute litigation to take possession of lands owned by the decedent title to which vested and has remained in his heirs-at-law for a period of 24 years since his death and which has been partitioned among them by a decree of the circuit court for the purpose of selling so much as necessary to pay petitioner's claim, especially in view of the records herein which disclose that petitioner has had at all times since filing its claim a remedy for that purpose—and for a period of 15 years was legally bound through its agent administrator to liquidate and settle the affairs of the estate.

Section 4648(2), Compiled General Laws of Florida 1927, in effect at the time of decedent's death and the time of the issuance of letters of administration upon his estate provided, in part—"If a person against whom a suit not relating to land may be brought, or judgment exists, die, such suit shall not be brought, nor proceedings taken upon such judgment against his executor or administrator after two years from the issuance of letters testamentary or of administration." It is true that the Supreme Court in Dill v. Stevens, 196 So. 811, 197 So. 849, held the rule to be that, where a creditor has filed a claim in strict accordance with the law against a solvent estate and has waited longer than the time required by law for the personal representative of the estate to file objections, it is the duty of the county judge *upon petition of the claimant* to determine whether or not the claim is a lawful one and, if so, enter an order for its payment. But the question before this court is— How long may the creditor sit idly by without availing himself of the remedy?

In a note on the subject contained in volume 26 of the American State Reports at page 22 the author says—

> The law favors the speedy settlement of estates, to the end that the creditors may receive their pay, and the heirs their inheritance. It is therefore necessary that some limitation should be placed upon the time within which either creditors, executors, or administrators may apply for the subjection of the real estate of the decedent to the payment of debts. The authorities are agreed that, in the absence of statutory regulations, it is the duty and within the discretion of the courts to determine what is a reasonable time in this respect, upon consideration of all the circumstances of each particular case, and to refuse the application to sell the land when the party applying has been guilty of such gross laches or unreasonable delay as to render a sale inequitable.

and on page 25 he says:—

> Owing to the different facts arising in the different cases, the courts have been under very great difficulty in establishing any definite rule as to what lapse of time will constitute laches on the part of the creditor or administrator in applying for the sale of land to pay the decedent's

debts, and while no inflexible rule in this respect has been anywhere laid down, the authorities agree that application must be made within a reasonable time.

In Ricard v. Williams, reported in 7 Wheaton 59 the Supreme Court of the United States, through Mr. Justice Story who delivered the opinion, said at page 116—

A power to sell the estate for payment of debts being created by law, ought not to be so construed as to work mischiefs against the intent of the law. It ought to be exercised within a reasonable time after the death of the intestate; and gross neglect or delay on the part of the creditors for an unreasonable time, ought to be held to be a waiver or extinguishment of it.

It appears from the file in this case that the administrator who was represented as the agent of the creditor petitioner herein, did file a petition to take possession of and sell two parcels of decedent's land on March 28, 1940—but notice thereof does not appear to have been served upon the heirs and it must be presumed that this proceeding was abandoned. The only excuse given for not pursuing the remedy appears to be that the lands during the depression era were considered of little value.

In Graham v. Brock, 72 N. E. 825, the Illinois Supreme Court said—

There is no statutory limitation of the right to file such a petition, but it must be done within a reasonable time, and seven years has been adopted by this court as the proper time within such application shall be made. The bar arises from laches rather than legal limitation, and if sufficient excuse is given for the delay the mere lapse of time will not bar the proceeding. * * *

The only excuse offered to the court, in the petition or proof, for the long delay was, in substance, that the property was practically worthless for many years, and for that reason the creditors did not care to have it sold, and practically abandoned all intention of proceeding against it, but, finding that it had increased in value, they concluded to institute the proceeding and appropriate it to the payment of their debts. * * *

Counsel have found no case where such an excuse as was offered here has been regarded as sufficient.

The decree of the county court dismissing the petition in that case was affirmed.

It is my conclusion that the ground numbered six of the motion to dismiss filed by the administratrix is sustained by the law as applied to the facts in this case and accordingly the motion is granted and the petition dismissed with prejudice.