## In re RICHBOURG'S ESTATE.

Circuit Court, Palm Beach County, Civil Appeal.

July 28, 1954.

8

Blakeslee & Herring and Jordan Johnson, all of West Palm Beach, for appellants.

Phil D. O'Connell and J. Stockton Bryan, Jr., West Palm Beach, for appellee.

JOSEPH S. WHITE, Circuit Judge.

This cause was heard on the separate appeals of Anna May Strohmenger, Jordan Johnson and O. S. Miller, from certain orders of the county judge extending the time for the executor to file objections to the claims of the several appellants, and arguments of counsel.

The principal question presented is whether or not the executor's application, filed January 13, 1954 for an extension of time for filing objections to the claims of certain creditors, furnished a sufficient predicate for an order of the county judge extending the time and allowing the executor to file objections to such claims, notwithstanding the period allowed by statutes for filing such objections.

The statute requires that objections be filed within 10 calendar months after the first publication of the notice to creditors. It is likewise provided that the county judge, "for good cause shown," may extend the period for filing objections.

In this case the first publication of notice to creditors was November 14, 1952. Appellants presented their claims July 3, 1953. Under the statutes the time expired for objecting to the claims on September 14, 1953. The executor's application for an extension of time was filed January 13, 1954.

It is the view of the court that the reasons set forth in the executor's application do not show "good cause" for granting an extension, and for that reason the county judge exceeded his discretion in permitting the executor to file objections after the expiration of the statutory period.

This does not mean that appellants are entitled to payment of their claims without convincing the county judge of their validity. Notwithstanding that objections are not filed to claims of creditors, it remains the duty of the county judge to determine whether or not the claim is valid and entitled to payment. See Dill v. Stevens (Fla.), 196 So. 811.

The orders from which the appeals have been taken are reversed, and shall be held for naught. Cost of the appeals is assessed against the estate.