*In Re:* ESTATE OF J. B. JEFFRIES, Deceased.

181 So. 833.
Opinion Filed June 8, 1938.

*Bryant & Pittman,* for Appellants;

*Newman T. Miller* and *Hawthorne & Morehead,* for Appellees.

WHITFIELD, P. J.—This appeal is from an order of the Circuit Court for Dade County reversing an order of the County Judge, in his probate jurisdiction, Section 5, Article V, Constitution; Sections 5541 (15) to 5541 (20) Perm. Supp. to C. G. L. Sections 52 to 56, Chapter 16103, Acts of 1933.

On March 17, 1936, Letters of Administration were issued by the County Judge of Dade County, to Lilliam M. Jeffries, as administratrix of the estate of J. B. Jeffries, deceased. Notice to creditors was first published March 21, 1936. On March 27, 1936, a sworn claim of Mattie Casey and Minnie Holmes against the estate on a promissory note of the decedent was filed in the office of the County Judge. The place of residence and post office address of the claimants were not given in the claim as made.

On December 15, 1936, on motion of the administratrix, by counsel, the claim was stricken by the County Judge. Upon pet.tion filed January 22, 1937, the County Judge on February 17, 1937, as of February 5, 1937, vacated the order striking the claim of Mattie Casey and Minnie Holmes, and allowed the claim to be amended by inserting the place of residence and post office address of the claimants. On leave given, the administratrix on March 4, 1937, filed objection to the claim. On June 17, 1937, the claimants, by counsel, moved "for an order extending the time within which they may institute the proper action at law upon their claims to ten days from the date of the entry of such order."

The order made by the County Judge is as follows:

"This cause came on to be heard upon the motion of Mattie Casey and Minnie Holmes for an order extending the time within which they might file an action at law on their claim heretofore filed herein, and it appearing to the Court that notice to creditors was first published herein on Mar. 21, 1936; that said claim was filed on Mar. 27, 1936; that on February 17, 1937, amendment to same was allowed by order of this Court; that amendment to said claim was filed on March 3, 1937; that objections were filed thereto by the administrator on March 4, 1937; that a copy of said objections was not served upon the claimants or their attorney; that said motion for an extension of time within which to file suit on such claim was filed on June 17, 1937; that movants have shown good cause why such extension of time should be granted; that the Court would grant said motion had he jurisdiction so to do; but according to the Court's construction of Section 122 (b) of the 1933 Probate Act, where objections to a claim are filed but not served on claimants, suit must be brought on such claim within twelve months after the

first publication of notice to creditors; that therefore suit should have been brought on this claim on or before March 20, 1937; that the Court is without jurisdiction to extend the time within which such suit may be brought when motion for such extension is filed after twelve months from the date of the first publication of notice to creditors; and that the Court has jurisdiction to grant such extension only in event the motion for such extension is filed within said twelve month period; after argument of counsel, and the Court being fully advised in the premises.

"It Is Considered, Ordered and Adjudged that the said motion be, and the same hereby is denied, to which ruling the said movants do except.

"W. F. Blanton,
"County Judge."

On appeal the Circuit Court made the following order:

"This cause came on to be heard after due notice upon the appeal of Mattie Casey and Minnie Holmes, claimants in the above estate, from an order entered on June 29, 1937, by the County Judge of Dade County, Florida, in the Probate proceedings of said Estate, * * * said order being an order overruling the motion of said claimants for an extension of time within which to file suit or their claim filed in said estate, and was argued by counsel, and it appearing to this Court from said order that the County Judge denied the motion of appellants for an extension of time within which to file suit solely because in his opinion he was without jurisdiction, under Section 122 (b) of the 1933 Probate Act, to extend the time within which suit may be brought on a claim to which objections had been filed, when motion for such extension is filed after twelve months from the date of the first publication of notice to creditors, and this Court being of the opinion that such construction of said section of the Probate Act is erro-

neous, and that the County Judge has jurisdiction to extend such time, whether application is made before or after twelve months from the date of the first publication of notice to creditors; providing, in his opinion, movants show good cause in and by their said motion to warrant the exercise of his discretion in extending said time (see 2 Am. Law of Administration Woerner 3rd Ed. pages 1317, 1318, and other like authorities); thereupon, upon consideration thereof,

"IT WAS CONSIDERED, ORDERED and ADJUDGED, as follows:

"1. That said order be and the same is hereby reversed;

"2. That the Honorable Judge of the said County Judge's Court be, and he hereby is directed to determine whether or not in his discretion further time should be allowed to institute suit upon said claim, and to enter his order accordingly.

"DONE AND ORDERED at Miami, Florida, this 7th day of October, A: D. 1937. "Paul D. Barns, Judge."

This appeal was taken by the administratrix from the order last above quoted.

The statutes of the State contain the following:

"No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee or devisee of the decedent unless the same shall be in writing and contain the place of residence and post office address of the claimant and shall be sworn to by the claimant, his agent or attorney and be filed in the office of the county judge granting letters. Any such claim

or demand not so filed within eight months from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise: Provided, however, that the lien of any duly recorded mortgage and the lien of any person in possession of personal property and the right to foreclose and enforce such mortgage or lien shall not be impaired or affected by failure to file claim or demand as hereinabove provided, but such failure shall bar the right to enforce any personal liabil.ty against the estate, and the claimant shall be limited to the enforcement of the mortgage or lien against the specified property so mortgaged or held. Nothing herein contained shall be construed to require any legatee, devisee or heir at law to file any claim for the share or interest in the estate to which he may be entitled.

"If a *bona fide* attempt is made to file a claim by any creditor or other claimant and same is defective as to form, the county judge, in his discretion, may permit the amendment of such claim at any time before payment.

"(a) No personal representative shall be compelled to pay the debts of the decedent until after the expiration of eight calendar months from the granting of letters; and if any person shall bring any suit or action against any personal representative within said eight months upon any claim to which the personal representative has filed no objection, the plaintiff, although he obtain decree or judgment, shall not receive any costs of suit, or attorney's fees, nor shall such judgment change the class of such claim in any manner.

"(b) On or before the expiration of ten calendar months from the first publication of notice to creditors, any personal representative or other person interested in the estate may file in the office of the county judge written objection to any claim or demand filed; and if such objec-

tion shall be filed the claimant shall have twelve calendar months from the first publication of notice to creditors in which to bring appropriate suit, action or proceeding upon such claim unless the time be limited as hereinafter provided. An objection filed to any unmatured claim matures the same for the purpose of the establishment of the validity and amount thereof by suit. If objections are filed, the person or persons filing the same may serve a copy of such objections by registered mail or personal service on the creditor to whose claim he objects and also on the personal representative if the objections be filed by any interested person other than the personal representative, and, in such event, the claimant shall be limited to two calenbring appropriate suit, action or proceedings upon such dar months from the date of such service within which to claim. The county judge for good cause shown may extend the time for filing objections to any claim or demand and may likewise for good cause shown extend the time for filing appropriate suit, action or proceedings upon any such claim after objection filed; but, in either event, said extension of time shall be granted only after due notice of such application. No suit, action or proceeding shall be brought against any personal representative after the time limited above. If objection be filed to the claim of any creditor and suit be brought by the creditor to establish his claim or demand, a judgment establishing such claim shall give it no priority over claims of the same general class to which it belongs.

"(c) No interest shall be paid by the personal representative or allowed upon the claim of any creditor against the estate of a decedent until the expiration of ten calendar months from the granting of letters, unless said claim be founded upon a written obligation of the decedent expressly providing for the payment of interest. Interest shall be allowed and paid by the personal representative

upon written obligations of the decedent expressly providing for the payment of interest, and upon all other claims interest shall be allowed and paid from and after ten months after said granting of letters." Secs. 5541 (92), 5541 (93), 5541 (94) Perm. Supp. C. G. L., Secs. 120-122, Chap. 16103, Acts 1933.

Appellant administratrix in effect contends that Section 122, as well as Section 120 above, contains a statute of limitations and that her objection filed to the claim "amounts to a denial of the claim, and unless a suit to establish the validity of the claim is filed by the claimant within twelve months from the first publication of notice to creditors * * * the debt is barred."

The appellee "claimants insist that Section 122 (b) of the Probate Act of 1933 provides that a claimant, *as a matter of right,* may file suit on the disputed claim within two months after notice of objection; where no notice of objection is given, a claimant, may, *as a matter of right,* file suit on the disputed claim within twelve months from the date of the first publication of notice to creditors; and where a claimant does not file suit on a disputed claim as provided by the said section *as a matter of right,* he may then apply for an extension of time to file suit *as a matter of privilege,* by showing such facts that are, in the discretion of the county judge, good cause for the extension."

Such latter quoted contention is made upon the theory that Section 122 does not contain a statute of limitations; but does contain "a rule of administration" to be relaxed within reasonable judicial judgment, upon good cause shown, to prevent injustice.

It is the purpose of the Probate Act of 1933 to expedite the settlement of the estates of decedents; but there is no purpose in the statute to unreasonably curtail the remedial rights of creditors of such estates to present and to en-

force their claims by due and appropriate judicial procedure.

The statute should be interpreted and applied so as to facilitate the settlement of estates in the interest of the public welfare, without unreasonably or unduly restricting the rights of creditors of such estates who in good faith and without laches endeavor to comply with the substantial and essential requirements of the statute in order that right and justice "shall be administered" by due course of law as commanded by Section 4 of the Declaration of Rights of the Florida Constitution.

The above quoted statute regulating the presentation of claims against a decedent's estate being administered, provides that, with an exception not material here, such claims, duly framed and sworn to, shall be filed in the office of the County Judge within eight months from the time of the first publication of the notice to creditors, or they "shall be void." Such filing is the prime requisite. The claims are subject to amendments. Sec. 4295 (2629) C. G. L. After a claim is so filed, it may be objected to in writing within ten months after the first publication of the notice to creditors. When written objection is made to a claim, suit or action or proceedings to establish the claim shall be begun within twelve months from the first publication of the notice to creditors, unless the County Judge shall, on good cause being shown, extend the time for beginning suit or action or proceedings to establish the claim. If the person filing an objection to a claim serves a copy of such objection on the creditor to whose claim he objects, the claimant shall be limited to two calendar months from the date of such service within which to bring appropriate suit, action or proceedings upon such claim. The statute does not peremptorily require the suit or action to be begun within twelve months from the first publication

of the notice to creditors; but the statute authorizes an extension of the time, and requires the suit or action to be begun within the time limited by an extension, if granted.

. In this case the claim was duly filed within six days after the first publication of the notice to creditors. Its defect was a failure to state the residence and post office address of the claimants. The form of the claim was not challenged until nearly nine months after the first publication of notice to creditors. If the defects in the claims be formal, they may be amended at any time before payment. Sec. 121, Chap. 16103. An amendment of the formal technical defects in the claim was properly allowed. An objection to the merits of the claim was allowed to be filed March 4, 1937. The County Judge, though stating good cause was shown, refused to extend the time for bringing suit or action on the claim upon the sole ground of lack of jurisdiction to do so under the statute, in that more than twelve months had elapsed after the first publication of the notice to creditors. This was error, and such error was corrected by the Circuit Judge on appeal. The statute contemplates that when a claim against an estate is filed in substantial accord with the requirements of the statute, it may be duly amended. Where, as here, the claim was duly filed in the office of the County Judge within the time allowed, and the objection to it be formal and not presented for nearly nine months after the first publication of the notice to creditors, and when the technical defect in the claim was amended within a reasonable time after the objection to it was made, and the administratrix was allowed to file written objections to the merits of the claim after ten months had expired, but copy of such objections was not served upon claimants or their attorney, it was within the judicial power of the County Judge to make a

reasonable extension of time for bringing suit or action on the claim when good cause was shown, even though twelve months had elapsed since the first publication of the notice to creditors.

Section 120 is in effect a statute of non-claim. Section 122 contains a limitation as to the time for filing objections to claims against a decedent's estate filed in the office of the County Judge, and also contains a limitation of time for the institution of suits, actions or proceedings to establish claims that are duly objected to. But the statute expressly authorizes the County Judge, upon good cause shown, to extend the time for filing objections to claims and for bringing suits, actions or proceedings on claims which have been duly objected to. This makes the stated time limits operate as rules of judicial procedure to be relaxed only for good cause shown. The reasonableness of the extension of time, and the grounds on which such extensions are decreed are to be determined by a county judge having authority under the Constitution to exercise judicial power of the State. The adjudication is to be governed by a given standard of judicial action, viz.: "good cause shown," subject to appropriate judicial review, in order that right and justice shall be administered by due course of law as required by the Constitution.

The claim is predicated upon a promissory note of the decedent and was filed against the decedent's estate in the office of the County Judge six days after the first publication of the notice to creditors. An objection to the merits of the claim was filed on March 4, 1937, by leave of the Court, after ten months from the first publication of notice to creditors, but no copy of such objections was served upon the claimants, personally or by registered letter. On June 17, 1937, the claimants presented a writ-

ten motion for an extension of the time for bringing suit, action or proceedings on the claim objected to. The order of the County Judge on the motion stated that good cause for an extension was shown, but an extension was denied for supposed lack of jurisdiction to grant it, after twelve months from the time of the first publication of notice to creditors of the estate.

On appeal the Circuit Court correctly reversed the order and remanded the cause for further proceedings, holding that under the statute the County Judge had jurisdiction to extend the time for bringing suit or action upon the claim, even though twelve months from the time of the first publication of the notice to creditors had expired. Such holding of the Circuit Court is in accord with the interpretation of the statute by this Court as stated above; and the order of the Circuit Court on appeal to this Court is hereby affirmed for appropriate proceedings by the County Judge in accordance with the opinion of this Court herein.

Affirmed.

TERRELL, BROWN, BUFORD, and CHAPMAN, J. J., concur.