**THE ATLANTIC NATIONAL BANK OF JACKSONVILLE, as Executor of the Will of C. H. PASCHALL, deceased, v. W. T. KIRKWOOD.**

10 So. (2nd) 743                                         June Term, 1942
December 11, 1942                                             En Banc

*Redfearn & Ferrell,* for appellant.

*A. Frank Katzentine & W. Sanders Gramling,* for appellee.

ADAMS, J.:

This appeal presents one question. That is, where a claim against an estate and objections are filed thereto thus limiting the time for bringing action thereon to two calendar months, and the two months have expired then does the county judge have power to extend the time for suing on the claim.

We are called upon to construe Section 122, paragraph 2, of the Probate Act of 1933. Section 733.18, Florida Statutes 1941, which is:

"(2) On or before the expiration of ten calendar months from the first publication of notice to creditors, any personal representative or other person interested in the estate may file in the office of the county judge written objection to any claim or demand filed; and if such objection shall be filed the claimant shall have twelve calendar months from the first publication of notice to creditors in which to bring appropriate suit, action or proceeding upon such claim unless the time be limited as hereinafter provided. An objection filed to any unmatured claim matures the same for the purpose of the establishment of the validity and amount thereof by suit. If objections are filed, the person filing the same may serve a copy of such objections by registered mail or personal service on the creditor to whose claim he objects and also on the personal representative if the objections be filed by any interested person other than the personal representative, and, in such event the claimant shall be limited to two calendar months from the date of such service within which to bring appropriate suit, action or proceedings upon such claim. The county judge for good cause shown may extend the time for

filing objections to any claim or demand and may likewise for good cause shown extend the time for filing appropriate suit, action or proceeding upon any such claim after objection filed; but, in either event, said extension of time shall be granted only after due notice of such application. No suit, action or proceeding shall be brought against any personal representative after the time limited above. If objection be filed to the claim of any creditor and suit be brought by the creditor to establish his claim or demand, a judgment establishing such claim shall give it no priority over claims of the same general class to which it belongs."

The reasoning in In Re: Estate of J. B. Jeffries, 136 Fla. 410, 181 So. 833, is applicable to the question now before us. It is our conclusion that the county judge had the power to extend the time for filing suit after expiration of the two calendar months.

The judgment is affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN and THOMAS, JJ., concur.