## In re LANCE'S ESTATE.

County Judge's Court, Dade County.

December 1, 1953.

Mark O'Quin of Carr & O'Quin, Miami, for the claimants.

Hubbard & Everett, Miami, for the administratrix.

FRANK B. DOWLING, County Judge.

This cause came on for hearing on the original and amended motions of Mary Delsie Jensen and C. A. Zevely for an extension of time for filing appropriate suit or action in a court of competent jurisdiction on their claims heretofore filed herein against the estate of Ray O. Lance, deceased.

On April 17, 1953, within the time allowed by law, Mrs. Jensen filed her claim in the sum of $11,875, on May 5, 1953 the administratrix filed her objection thereto in due form and on the same day served notice of the filing thereof by registered mail on the claimant, as by law provided; on May 12, 1953, within the time allowed by law, Zevely filed his claim against the estate in the sum of $3,600 and on May 18, 1953 the administratrix filed her objection thereto and on the same day served notice of the filing thereof by registered mail on the claimant.

The effect of the filing of the objections to the claims by the administratrix was to put into operation and effect the provisions of section 733.18 (2) ▮ Florida Statutes 1951, wherein it is provided that upon the filing of such objection the claimant shall be limited to two calendar months from the date of service of registered notice that such objection has been filed within which to bring appropriate suit, action or proceedings on the claim. The claimants herein did not file appropriate suit, action or proceedings on their respective claims within two calendar months after receipt of the registered notices.

From the sworn motions before the court, the testimony adduced at the hearing and the record the court finds that claimants are respectively mother and son, that other litigation separate and apart from that referred to herein was pending and proceeding between claimants and the administratrix at the time of the service of the registered notices, that the son upon receipt of his notice, knowing that his mother was to appear in the offices of their attorneys, Carr & O'Quin, with reference to that litigation, delivered it to his mother for the purpose of having her deliver it to their attorneys, that the mother is a lady of advanced years and was at the time under the care of physicians suffering from hypertension, vagueness, headache and weaknesses associated with cerebral arteriosclerosis and by virtue of her illness inadvertently failed to call to their attention the receipt of the notices by her and her son until on or about October 10, 1953, notwithstanding the fact that she was in conference with them during the intervening period and had taken to their offices other documents relating to her legal affairs which they were handling.

Carr & O'Quin, having no knowledge of the service of the registered notices and believing they had twelve months from the first publication of notice to creditors in which to bring suit, action or proceedings on the objected to claims, filed suit on Mrs. Jensen's

claim in the circuit court on August 31, 1953, and filed suit on Zevely's claim in the civil court of record on August 31, 1953.

It therefore appears that counsel for the claimants were not guilty of laches or lack of diligence in the orderly handling of their clients' claims against the estate so far as their knowledge was concerned. It is true that evidence was adduced that the attorney for the administratrix also forwarded copies of the registered notices to their office at the time they were mailed to claimants, but under oath before this court the attorney for the claimants denied that he ever had receipt of such copies called to his attention and had no knowledge thereof.

That this court has jurisdiction and power to extend the time for filing suit, action or proceedings upon an objected claim has been determined by our Supreme Court in Atlantic National Bank of Jacksonville v. Kirkwood, 10 So. 2d 743, wherein the Court held—

> This appeal presents one question. That is, where a claim is filed against an estate and objections are filed thereto thus limiting the time for bringing action thereon to two calendar months, and the two months have expired, then does the county judge have power to extend the time for suing on the claim. * * *

> The reasoning in Re Estate of J. B. Jeffries, 136 Fla. 410, 181 So. 833, is applicable to the question now before us. It is our conclusion that the county judge had the power to extend the time for filing suit after expiration of the two calendar months.

Commenting on the provisions of the statute under consideration the Supreme Court said in the Jeffries case, cited above, 181 So. 833 at page 837—

> But the statute expressly authorizes the County Judge, upon good cause shown, to extend the time for filing objections to claims and for bringing suits, actions or proceedings on claims which have been duly objected to. This makes the stated time limits operate as rules of judicial procedure to be relaxed only for good cause shown. The reasonableness of the extension of time, and the grounds on which such extensions are decreed are to be determined by a County Judge having authority under the constitution to exercise judicial power of the State. The adjudication is to be governed by a given standard of judicial action, viz: "good cause shown" subject to appropriate judicial review, in order that right and justice shall be administered by due course of law as required by the constitution. * * *

> The Statute shall be interpreted and applied so as to facilitate the settlement of estates in the interest of the public welfare without unreasonably or unduly restricting the rights of creditors of such estates who in good faith and without laches endeavor to comply with the substantial and essential requirements of the statute in order that right and justice "shall be administered" by due course of law as commanded by section 4 of the Declaration of Rights of the Florida constitution.

To take from the claimants the right to pursue their actions on their claims filed in this cause would be to deprive them of a trial on the merits of the issues involved. Certainly right and justice would not prevail in such a harsh application of a "rule of judicial procedure," certainly their rights as alleged creditors would be unduly and unreasonably restricted. Notwithstanding the fact that the administratrix did everything required by the statute to restrict the time in which suit could be brought, I find that good cause has been shown by the claimants for granting an extension of time. Compliance by the administratrix with the rules to impose the limitation does not act as a "bar," the filing of the action within two months is not a "prime requisite," the statute provides a rule of administration to be relaxed with reasonable judicial judgment upon good cause shown to prevent injustice, and where good cause has been shown it should not be invoked to curtail the reasonable rights of creditors of estates to present and have adjudicated their claims upon the merits thereof by appropriate judicial procedure.

It is ordered and adjudged that the claimants Mary Delsie Jensen and C. A. Zevely may file suit, action or other proceedings on their claims in a court or courts of competent jurisdiction at any time within 45 days from the date of this order.