TERRELL, Justice.
These two appeals involve the same issues, the same parties, the same attorneys; the same facts and transactions were litigated below and will ‘be treated in one opinion here. Mary Carroll Martin was admin-istratrix of the estate of her husband, Frank Crawford Martin. Frank Carroll Martin was the son and heir of Frank Crawford Martin and Roy Ellis Martin, Jr., was the son and administrator of the estate of Roy Ellis Martin, the father of Frank Crawford Martin who predeceased his son by approximately six weeks. The first suit relates to a claim of the estate of Roy Ellis Martin, Jr., against the estate of Frank Crawford Martin. The second suit or portion of the complaint has to do with re-establishing a lost instrument
*258 February 29, .1952, Roy Ellis Martin, Jr., as administrator of the estate of Roy Ellis Martin, filed a claim in the Probate Court of Dade County against the estate of Frank Crawford Martin, which was then in process of administration. Mary Carroll Martin as administratrix of the estate of Frank Crawford Martin filed no objection to said claim within ten months after the first publication of notice to creditors, July 5, 1951, but on February 26, 1953, eleven months and twenty-seven days1 after appellee’s claim was filed and one year, seven months and twenty-one days after the first publication of notice to creditors, appellant filed objections to said claim. Pursuant to various proceedings in the probate court, not essential to detail, the Probate Judge on motion of appellant entered the following orders: (1) Order granting appellant an extension of time within which to file a motion for extension of time within which to file objections to said claim. (2) Order denying appellant’s petition filed later to disallow appellee’s claim. (3) Order which appears superfluous and a duplicate of order (2) denying appellant’s petition to disallow said claim. (4) Order granting appellant an extension of five days from date of said order within which to file objections to appellee’s claim and granting appellee 61 days after service of said objections upon his counsel within which to file suit on claim. Appellant took no appeal from orders one and four as above recited, but instead appealed from orders two and three above, denying petition to disallow appel-lee’s claim. The Circuit Court affirmed the said orders of the Probate Court. We are confronted with an appeal from the order of the Circuit Court.
• The point for determination is whether or not the claim of the estate of Roy Ellis Martin, Jr.,-filed against the estate of Frank Crawford Martin was barred by the statute of limitations, Sections‘733.16(1) and 733.-18(2) Florida Statutes, F.S.A.
Appellant contends that this question requires an affirmative answer. Pierce v. Pasquarello, 125 Fla. 330, 169 So. 727 is relied on to support this contention, the rationale of her contention being that since appellee filed suit for declaratory decree to recover his claim, prior to filing his claim in the Probate Court, and since said suit was dismissed on procedural grounds and no other action was begun by appellee within 60 days from and after filing the original suit, appellee is barred by the statute of limitations under the doctrine of the last cited case.
It is clear that appellee filed his claim against the estate of Frank Crawford Martin, February 29, 1952, well within eight months from the first publication of notice to creditors as required by Section 733.16 (1) F.S.A. It is also settled that appellant failed to file any objections to said claim within ten months from first publication of notice to creditors as required by Section 733.18(2) F.S.A. Did appellant’s objections filed February 26, 1953, one year, seven months and twenty-one days after the first publication of notice to creditors come too late ?
It is perfectly apparent that appellant’s objections to appellee’s claim were not filed within the time required by Section 733.18 (2) for which it is contended that it is barred by the statute of limitations, but this contention overlooks the provisions of said statute which gives the Probate Judge authority to extend the time for filing objections or instituting suit. Such orders were issued in this case and no appeal was taken from them. The power of the Probate Judge under said statute was discussed and approved in In Re Jeffries Estate, 136 Fla. 410, 181 So. 833; Atlantic National Bank of Jacksonville v. Kirkwood, 152 Fla. 59, 10 So.2d 743; Howard v. Atlantic National Bank of Jacksonville, Fla., 54 So.2d 44 and others. These cases upheld extensions by the County Judge and remove any basis for the contention that they are barred by the statute of limitations since the statute imposes no limitation but the judge’s discretion.
• The questions raised by both sides are highly technical. In fact, we have rarely been confronted with a case in which the Probate Judge -tried harder or exercised care in treating all parties fairly and to reach a just conclusion. He appears to *259 have granted every extensión applied for by appellant. Her whole reliance for revérsal is based on the bar of the statute of limitations but even if there be substance to that, the Probate Judge was authorized to rer move it. We find no miscarriage of justice but on the other hand there was a consistent effort to do justice.
The judgment .appealed from is therefore affirmed.
Affirmed.
ROBERTS; €.- J., DREW J., and PATTERSON, Associated Justice, concur.