77 So.2d 617 (1955)
Beulah M. ELLARD, Appellant,
v.
Doris L. GODWIN, As Administratrix of the Estate of James Henry LANGFORD, deceased, Appellee.
Supreme Court of Florida. Division B.
January 28, 1955.
*618 Hugh Gilbert Jones, Arcadia, for appellant.
Leitner & Leitner, Arcadia, for appellee.
DREW, Justice.
The first publication of notice to creditors in the Estate of James Henry Langford was published on June 11, 1953 by Doris L. Godwin, the administratrix. Shortly thereafter, and within the eight months period allowed by statute, F.S.A. § 733.16, Mrs. Beulah M. Ellard filed her claim against said estate for $540.10.
September 3, 1954, the administratrix filed a petition with the County Judge of DeSoto County for leave to file objections to the aforesaid claim of Mrs. Ellard. The reasons assigned in the petition were "that she [petitioner] while acting as such administratrix has been a resident of Palm Beach County, Florida; that she has tried at all times to keep in touch with the affairs of the said estate, but for some reason did not learn of the filing of this claim, or that the said Mrs. Beulah M. Ellard claimed anything of the estate until a few days ago; that she has made full investigation since learning of the filing of the said claim as to whether the estate owes same or any part thereof, and she can find no evidence whereby the estate owes this claim or any part thereof; that she feels she has valid and meritorious objections to the said claim". Objections were filed by claimant to the granting of said petition, due notice was given of a hearing thereon and the matter was duly considered by the County Judge. On September 21, the County Judge granted the petition reciting "that the administratrix has shown sufficient good cause why such extension of time should be granted."
An appeal was duly prosecuted to the circuit court and the order of the County Judge was affirmed. The matter is now before us on an appeal from the order of the Circuit Judge.
Section 733.18 (2), F.S. 1953, F.S.A., in part provides, "The county judge for good cause shown may extend the time for filing objection to any claim or demand and may likewise for good cause shown extend the time for filing appropriate suit, action or proceedings upon any such claim after objection is filed; but in either event, said extension of time shall be granted only after due notice of such application." (Emphasis added.)
In the case of In re Jeffries' Estate, 136 Fla. 410, 181 So. 833, 837, with reference to this same statute, this Court said:
"But the statute expressly authorizes the County Judge, upon good cause shown, to extend the time for filing objections to claims and for bringing suits, actions or proceedings on claims which have been duly objected to. This makes the stated time limits operate as rules of judicial procedure to be relaxed only for good cause shown. The reasonableness of the extension of time, and the grounds on which such extensions are decreed are to be determined *619 by a County Judge having authority under the constitution to exercise judicial power of the State. The adjudication is to be governed by a given standard of judicial action, viz: `good cause shown,' subject to appropriate judicial review, in order that right and justice shall be administered by due course of law as required by the constitution." (Emphasis added.)

Some years later in the case of Atlantic Nat. Bank of Jacksonville v. Kirkwood, 152 Fla. 59, 10 So.2d 743, we again held that the county judges of this State have power to extend the time fixed in the statute where good cause is shown why such extension should be granted.
Reverting to In re Jeffries' Estate, supra, we specifically pointed out that the action of the county judge in granting or refusing to grant such extensions of time contemplated by the statute was subject to judicial review. That holding, of course, is inherent in the opinions both in the Jeffries case and in Atlantic Nat. Bank v. Kirkwood, supra.
The power vested in the county judge under the statute to extend the time provided in the statute in given cases is limited to those instances in which good cause is made to appear to the county judge. This is not an unbridled power by any means. The exercise of such power is a judicial act and involves the exercise of judicial discretion. Judicial discretion, as we pointed out in Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241, 247, "does not imply that a court may act, or fail to act, according to the mere whim or caprice of the presiding judge, but it means a discretion exercised within the limits of the applicable principles of law and equity, and the exercise of which, if clearly arbitrary, unreasonable, or unjust, when tested in the light of such principles, amounting to an abuse of such discretion, may be set aside on appeal." We stated in that case that such a conception of judicial discretion is clearly involved in the principle so well known and loved by all of us that ours is a government of laws and not of men. See also Albert v. Miami Transit Co., Inc., 154 Fla. 186, 17 So.2d 89, 90, where Justice Terrell discussed at length the limits within which judicial discretion must be exercised.
Applying the above principles to the matter now before us, we fail to find in the record any good cause for the failure of the administratrix properly and timely to object to said claim. Moreover, no legal reason is assigned in the application for the failure of the administratrix to act timely. The application admits the timely filing of the claim, that it was a matter of record at all relevant times but alleged that "for some reason" she did not learn of the filing thereof. Were we to countenance the extension of time to file objections on the basis of such excuses, it would amount to vesting an unbridled power in the hands of the county judges and would complicate rather than facilitate the orderly and speedy administration of estates. Vesting in the county judge the power to extend these time limitations for good cause is a wise and salutary provision obviously designed to prevent possible miscarriages of justice. If exercised within the limits prescribed by the statute as construed by this Court in the foregoing cases, it can be an instrument of much good. We cannot approve its extension to the limits shown by the record before us.
For the reasons hereinabove set forth, the order of the Circuit Judge affirming the order of the County Judge allowing the filing of objections to the claim is vacated and set aside with directions to such Circuit Judge to vacate the order of the County Judge.
MATHEWS, C.J., and THOMAS and HOBSON, JJ., concur.