SEBRING, Justice.
C. N. Sells was appointed administrator of the estate of Genevieve Goldman who died intestate. He published the first notice to creditors on November 28, 1953. Ellen Jensen filed a claim against the assets of the estate on November 24, 1953, setting up in her claim a demand for $34,620 against the estate for damages accruing to her as the result of the negligent operation of a motor car by the decedent, in her lifetime, resulting in injuries to the claimant. Objections to the claim were'filed by the administrator and a copy thereof served upon the attorney for the claimant, by registered mail, on November 28, 1953. Nothing further transpired in respect to the claim until August 30, 1954, at which time the administrator filed and served upon the claimant copy of a motion directed to the county judge to deny the claim on the ground that suit had not been brought within the time required by law and that consequently the claim was barred.
After the motion had been filed and served, the attorneys for the claimant, on October 13, 1954, filed a petition with the county judge in which they prayed that an order be entered, nunc pro tunc, allowing the claimant an extension of time within which to bring suit on the claim. As the basis for the relief sought the attorneys alleged in their petition that at the time the administrator had served upon them the objections to the claim, they, the attorneys, *847 had not received a copy of the 1953 General Laws containing an amendment to section 733.18, Florida Statutes 1951, F.S.Á., which prior to the amendment had constituted the controlling provision regulating the próte-dure for filing claims and bringing suits thereon, and consequently “did not then realize that said amendment had the effect of shortening the time for filing suit * * * but rather were under the impression that they had twelve months in which to file the proper suit;” that the claimant “had to undergo an additional operation, which operation has been recently performed, and her attorneys. did not wish to file suit until such operation had been performed. Had they known at the time they were limited to two months they would immediately have filed a petition to extend the time of filing suit in order to be certain of the amount of damages incurred by petitioner.” .
The petition was brought on for hearing before the county judge and on November 29, 1954, he entered an order in which he found, in effect, that the allegations of the petition showed good cause for extending the time within which to prosecute the action and ruled that the claimant should have thirty days from the entry of the order within which to file suit on the claim. On appeal from this order the Circuit Court of Hillsborough County, Florida, affirmed the ruling and this appeal followed.
We have the view that the order appealed from cannot be upheld. The statute with which we are concerned provided, before the amendment to the statute in 1953, that when, in a probate proceeding, an objection is duly filed to a creditor’s claim against the estate of a decedent, “the claimant shall have twelve calendar months from the first publication of notice to creditors in which to bring appropriate suit * * * upon such claim unless the time is limited as hereinafter provided. * * * If objection is filed, the person filing it may serve a copy of such obj ection by registered mail or personal service on' the creditor to whose claim he objects * * *. In such event, the claimant shall be limited to two calendar months from the date of such service within which to-bring 1 appropriate suit * * * upon such claim.” (Emphasis supplied.) Section 733.18(2), Florida Statutes 1951. ''
The 1953 amendment to this statute, which the attorneys for the petitioner averred created in their minds an ambiguity which led them to believe that they had twelve months after the objections were filed within which to bring suit, was in the exact language of the statute which it amended, section. 733.18(2), Florida Statutes 1951, except that instead of providing that the person filing an objection "may serve a copy of such objection * * * on the creditor to whose claim he objects” it provided that the person filing an objection “shall serve a copy of such objection * * * on the creditor to whose claim he objects.” See section 1, Chapter 28209, General Laws 1953; section 733.18(2), Florida Statutes 1953, F.S.A. (Emphasis supplied.) -As thus amended, the statute read, in respect to a claim to which an objection had be.en filed, that “the claimant shall have twelve calendar months from the first publication of notice-to creditors in which to bring appropriate suit * * * upon such claim unless the time is limited as hereinafter provided. * * * If objection is filed, the person filing it shall serve a copy of such objection by registered mail or personal service on the creditor to whose claim he objects. * * * In such event, the claimant shall be limited to two caletu-dar months from ■the date of such service within which to bring appropriate suit * * * upon such claim.”
It is held in this jurisdiction that since the statute in question expressly authorizes the-county judge, upon good cause shown, to extend the time for bringing suit, the statute is not a statute of non-claim, as is section 733.16, Florida Statutes, F.S.A., but is a statute wherein “the stated time limits operate as rules of judicial procedure.” In re Jeffries’ Estate, 136 Fla. 410, 181 So. 833, 838. Therefore, its provisions limiting the time for filing suit may be relaxed, within the sound discretion of the court, so as to permit the filing of suit even when the motion for extension of time is *848 not made until after the expiration of the limitation period. In re Jeffries’ Estate, supra; Atlantic National Bank of Jacksonville v. Kirkwood, 152 Fla. 59, 10 So.2d 743. But, as is clear from the statute and the cited decisions, a cause sufficient to authorize an extension of time for filing suit must be a “good cause,” by which it is meant that “the adjudication is to be governed by a given standard of judicial action,” In re Jeffries’ Estate, supra, contemplating “a substantial reason, one that affords a legal excuse,” or a “cause mowing the court to its conclusion, not arbitrary or contrary to all the evidence,” and not mere “ignorance of law, hardship on petitioner, and reliance'on [another’s] advice.” 18 Words and Phrases, Good Cause, pp. 451, 455 et seq., citing Pines v. District Court in and for Woodbury County, 233 Iowa 1284, 10 N.W.2d 574; Sylvester v. Olsen, 63 Wash. 285, 115 P. 175; In re Zweig’s Will, 145 Misc. 839, 261 N.Y.S. 400. Accord Ellard v. Godwin, Fla., 77 So.2d 617.
Inasmuch as the only change accomplished by the 1953 amendment to section 733.18(2), Florida Statutes 1951, F.S.A., was to substitute the word “shall” for “may,” but to leave the original statute otherwise intact, we do not think that the attorneys for the claimant showed good cause for an extension of time by their assertion in their petition before the county judge that because they did not have access to a copy of the 1953 amendment they did not realize that its passage “had the effect of shortening the time for filing suit to two months, but rather were under the impression that they had twelve: months in which to file the proper suit.” For, whatever may have been .the purpose of the legislature in substituting the word “shall” for the word “may,” there cannot be the slightest doubt that under the plain language of either the original statute or the amendment thereto an objector had the power, if he chose to exercise it, to reduce the period of time within which a claimant could bring suit upon his claim by simply filing and serving his objections upon the claimant, by which act the time for filing suit was reduced to “two calendar months from the date of such service.” Therefore, the attorneys were on notice, under the provisions of either statute, that when they were served by the administrator with objections to the claim a period of two months thereafter was all that was allowed for instituting suit, unless, for good cause shown, the time was extended. Certainly, the averment in the petition to the effect that they did not understand that such were the plain requirements of the law could not be held to constitute good cause for the extension of such period of time.
From the conclusions reached it follows that the order appealed from must be reversed ■ with directions that further proceedings be had in conformance with this opinion.
It is so ordered.
MATHEWS, C. J., and TERRELL and ROBERTS, JJ., concur.