81 So.2d 728 (1955)
Margaret Mann GOGGIN and Grace Krag, Executrices of the Estate of Carrie Ernest P. Wheelan, also known as Carrie Wheelan, Deceased, Appellants,
v.
Kathleen SHANLEY, Appellee.
Supreme Court of Florida. En Banc.
July 22, 1955.
Morrissey & Vogel, Miami, for appellants.
Brunstetter & Netter, Miami, for appellees.
TERRELL, Justice.
May 28, 1952, Kathleen Shanley, a registered nurse, filed claim against the Estate of Carrie Ernest P. Wheelan for $1,943 to cover services for nursing decedent. February 13, 1952, notice to creditors was given but no objection to the claim of Kathleen Shanley was ever filed. February 26, 1953, the executrices moved to strike said claim, contending it was barred by the statute of limitations. The Probate Judge denied the motion and set the cause for hearing May 20, 1953, to determine whether or not the claim was barred by the statute of limitations. At this hearing testimony was taken and on July 13, 1953, the Probate Judge entered his order finding that the statute of limitations had run against said claim, account of which payment was barred. From the order of the Probate Court an appeal was taken to the Circuit Court, who found that the Probate Judge was without power under the statute to adjudicate the claim of Miss Shanley but could do no more than require the executrices to pay said claim since they failed to raise any objection to its payment when filed or at any time. He accordingly reversed the judgment of the Probate Court with directions to require the executrices to pay the claim but without prejudice to the beneficiaries of the estate to surcharge the executrices for failure to object to payment. We are confronted with an appeal from that order.
Several questions were urged for reversal but the Circuit Court found that the question before him was whether or not the Probate Court had jurisdiction to determine the issue as to running of the statute of limitations against Kathleen Shanley's claim.
*729 The answer to this question turns on the interpretation of Section 733.18, F.S. 1953, F.S.A., which provides inter alia that the claimant bring suit against the personal representative in the appropriate court wherein all questions having to do with the amount and validity of the claim will be determined. The personal representatives, appellants in this case, contend that failure to file objections to the claim did not forbid contesting it here but had the effect of transferring the cause to the Probate Court as the proper forum. Shambow v. Shambow, 149 Fla. 278, 5 So.2d 454, and Dill v. Stevens, 144 Fla. 307, 196 So. 811, 197 So. 849, are relied on to support this contention. These cases treat facts of kindred significance and may be said to be persuasive.
We find, as did the Circuit Court, that the Probate Court was without power to reject the claim or to determine disputed questions of fact that have to do with or which may conclude the question of validity. The Probate Act provides for determination of the controverted claims against estates. It does not detail the procedure. It appears that the validity of the Shanley claim turned on the determination of conflicting evidence which could have been determined by a jury if the executrices had seasonably objected to it. Miss Shanley's right to sue certainly was not forfeited because there was no objection to her claim.
The Circuit Judge correctly found the basic point in the case to be that the personal representatives of decedent and not the Probate Judge is charged with responsibility for administering the estate and is liable for his acts of omission. Had the claim in question been objected to and suit timely brought, payment could have appropriately been rejected, regardless of its merits. The executrices should not now be permitted to ignore the statute of limitations and in the same breath implore the court to raise it against the creditor. Failure of the personal representatives to act should not be permitted to destroy Miss Shanley's right to compensation.
We are likewise convinced that the Circuit Court was correct in holding that there was no merit to the contention that the jury was or could have been waived. It is true that waiver may be invoked where a case is properly brought, pleadings tendered and the issues made in the orthodox manner. Probate issues are tried by the court without a jury, but jurisdiction may not be waived or conferred by consent. The right to trial by jury in a court of law may not be waived or forfeited in another court where jury trial is not permitted. The statute, Section 733.18, F.S. 1953, F.S.A., is not altogether clear as to filing objections and other phases leading to and determination of suits against personal representatives, but the Circuit Judge imposed this interpretation on it which we feel impelled to follow.
The judgment appealed from is therefore affirmed.
Affirmed.
THOMAS, SEBRING, HOBSON and THORNAL, JJ., and KANNER, Associate Justice, concur.
DREW, C.J., concurs specially.
DREW, Chief Justice (concurring specially).
In Ellard v. Godwin, Fla. 1955, 77 So.2d 617, 619, we held that a county judge was without authority to allow an administratrix to file objections to a claim after the time prescribed in section 733.18(2), F.S. 1953, F.S.A., had expired because there was an absence of a showing of good cause for extension of time. In that case the administratrix sought permission to file objections alleging that she could find no evidence that the estate owed the claim and that she had valid and meritorious defenses thereto. The reason assigned by her for not filing objections within the prescribed time was set forth in the opinion. In holding that the court abused its discretion in allowing an objection to be filed we said:

*730 "Vesting in the county judge the power to extend these time limitations for good cause is a wise and salutary provision obviously designed to prevent possible miscarriages of justice. If exercised within the limits prescribed by the statute as construed by this Court in the foregoing cases, it can be an instrument of much good. We cannot approve its extension to the limits shown by the record before us."
At the time the case of Ellard v. Godwin, supra, was pending in this court before Division "B", the case of In re Goldman's Estate (Sells v. Jensen), Fla. 1955, 79 So.2d 846, 847, was pending before Division "A". The latter case concerned the construction of the same statute in connection with the failure of the claimant to bring suit within the statutory period after objections had been timely filed by the personal representative of the estate. On this point we held:
"It is held in this jurisdiction that since the statute in question expressly authorizes the county judge, upon good cause shown, to extend the time for bringing suit, the statute is not a statute of non-claim, as is section 733.16, Florida Statutes, F.S.A., but is a statute wherein `the stated time limits operate as rules of judicial procedure'. In re Jeffries' Estate, 136 Fla. 410, 181 So. 833, 838. Therefore, its provisions limiting the time for filing suit may be relaxed, within the sound discretion of the court, so as to permit the filing of suit even when the motion for extension of time is not made until after the expiration of the limitation period. In re Jeffries' Estate, supra; Atlantic National Bank of Jacksonville v. Kirkwood, 152 Fla. 59, 10 So.2d 743. But, as is clear from the statute and the cited decisions, a cause sufficient to authorize an extension of time for filing suit must be a `good cause,' by which it is meant that `the adjudication is to be governed by a given standard of judicial action,' In re Jeffries' Estate, supra, contemplating `a substantial reason, one that affords a legal excuse,' or a `cause moving the court to its conclusion, not arbitrary or contrary to all the evidence,' and not mere `ignorance of law, hardship on petitioner, and reliance on (another's) advice.' 18 Words and Phrases, Good Cause, pp. 451, 455 et seq., citing Pines v. District Court in and for Woodbury County, 233 Iowa 1284, 10 N.W.2d 574; Sylvester v. Olson, 63 Wash. 285, 115 P. 175; In re Zweig's Will, 145 Misc. 839, 261 N.Y.S. 400."
We concluded in the Goldman case for the reasons stated in the opinion that no valid grounds had been shown for the failure to commence the action in time.
We are now presented in this case with another facet of the same general problem. The circuit judge in holding the county judge in this case to be in error very aptly analyzed the situation as follows:
"I am forced to the conclusion that the County Judge has no power to reject a claim or, what is the same thing, to determine a disputed question of fact upon which the question of validity depends. It is clear that the Legislature, in the Probate Act, definitely fixed the jurisdiction of courts to pass on the validity of disputed claims against estates, a necessary incident of which is, in most cases, a jury trial. That the validity of the Shanley claim was a dispute of fact is quite evident for the judgment resulted from conflicting evidence. Had the executrices objected to the claim, Miss Shanley could have sued and had a jury pass on the very question decided by Judge Dowling. It seems preposterous to me that while ordinarily silence means acquiesence, and that rights once existing may be lost by failure to act, that here failure to exercise a right causes some one else to lose his own right. Can it be that by failing to object the right to sue can be destroyed?
"Since, in Florida, a personal representative may not waive a limitation to sue, it may be contended that the estate should not be required to pay *731 an outlawed claim merely because of failure to make timely objection. My answer is that failure to object removes the necessity for suit. It is as if a judgment for claimant had been entered. But if the estate is required to pay a claim because of the negligence of a personal representative, the remedy of the estate lies in surcharging the personal representative's account. In other words, the ultimate loss falls on the personal representative. This could also arise by suffering a judgment negligently. Suppose after objection a law action is filed and the executor fails to defend and offer evidence. A judgment is entered. Who would argue that the estate couldn't be required to pay the judgment or that the County Judge could order the judgment invalid. The judgment would be paid and the Executor surcharged for the amount. The basic point is that it is the personal representative, not the County Judge, who is charged with the responsibility of administering an estate. The personal representative, like any other person, is held to the legal consequences of his acts or omissions. Had the claim here been objected to, and timely suit not brought, the Courts would have no difficulty in denying Miss Shanley all further remedy regardless of the justice of her claim. I think that the converse is equally true. It seems ironic that here the executrices say that they ignored a statute of limitation (in failing to object) but they insist that the Court bar the claim because the creditor permitted the statute of limitation to run.
"If my construction of Section 733.18 is not accepted, what is the alternative? First, that the non-action of the personal representative destroys a statutory right of a claimant. Second, if failure to object still leaves legal hurdles for the claimant to surmount, what are they? Upon what grounds does a personal representative refuse to pay the unobjected to claim? If the `validity' of the claim must be approved or rejected by the County Judge, are all grounds of invalidity open for inquiry or only some? If the latter, by what standards does the Court make a distinction and if the former, we have gone full circle; The personal representative has then, by a failure to perform a statutory duty, destroyed a statutory right."
I think that the decision of the Chancellor below was eminently sound and that his reasoning and the results reached are squarely in line with the two cases above discussed.
For the above reasons and those set forth in the opinion of Justice TERRELL the judgment of the circuit court should be affirmed.
SEBRING, HOBSON and THORNAL, JJ., concur.