ALLEN, Judge.
Appellant filed a claim in the probate court against the estate of Frank B. Hamlin and appeals an order denying his petition directing the administrator of the estate to pay his claim against the Hamlin estate.
On August 30, 1960, the appellee received letters of administration in the Hamlin estate and two days later published the first notice to creditors. The appellant filed his claim on February 17, 1961. On July 24, 1961, which was approximately three weeks after the expiration of the time for objections, the administrator filed .a motion to extend the time for filing objections to the claim. This motion was granted on October 24, 1961, allowing the .administrator a thirty day extension.
In the order of October 24, 1961, extending the time for filing objections to thirty days, the judge recites the following:
“ * * * the Court being advised by letter of Attorney of the Claimant, that there were no objections to the extension of time requested.”
There appears in the files a copy of a letter addressed to the county judge which states that the attorney who apparently was representing the claimant would unavoidably be unable to appear at the hearing and that there would not be any objection to the extension of time being granted. (The present attorneys for the appellant were not representing the claimant at that particular time.)
On September 18, 1962, almost a year after the order extending the time for filing objections, the administrator filed a petition requesting that the claim be declared invalid and for another extension of time to file formal objections. The petition stated in part:
“3. That on the 24th day of July, 1961, your Petitioner filed a petition for extension of time to said claim, and in which petition your Petitioner objected to said claim and setting out that said claim was not justiciable for that same had previously been submitted to the Circuit Court of the Twelfth Judicial Circuit of Florida on the 30th day of August, 1956 and a final judgment entered therein rendering same res judicata. Copy of said petition was served on claimant on the 24th day of July, 1961.
“4. Thereafter-contacted Petitioner requesting that Petitioner not set same for hearing until Mr. - could investigate claimant’s claim to determine whether he would represent claimant.
“5. That on the 24th day of October, 1961, this Court entered an Order extending the time for thirty (30) days.
“6. That in April, 1962, Mr. - notified claimant he would not represent claimant in this matter.
“7. Petitioner would show unto the Court that claimant has never complied with Section 733.16(1) (c), in that a copy of the claim was not delivered to the County Judge and no copy of same was mailed to the personal representative.
“8. Petitioner would show that the claim of claimant is barred in that claimant instituted a law suit against the decedent and your Petitioner as his Guardian on the 30th day of August, *846 1956, in the Twelfth Judicial Circuit Court for Florida, under Suit #1027, for the same subject matter, which resulted in a Final Judgment on the 2nd day of January, 1958, and which was satisfied, and accordingly said claim is res judicata.
“Accordingly and by Reason Whereof, your Petitioner prays as follows:
"1. That the claim of HARRY W. GRAHAM be declared invalid and be dismissed for the reasons aforesaid, or in the alternative
“2. That the objections set forth in the petition filed by Petitioner on the 24th day of July, 1961, be allowed as objection to said claim of HARRY W. GRAHAM, or the Court extend the time for the .refiling of the said petition to be styled formally as Objection to Claim of HARRY W. GRAHAM.”
On September 27, 1962, the court granted another extension of time for filing an objection to the claim of Harry W. Graham, which stated:
“IT IS, THEREFORE, Ordered and Adjudged that the time for filing objections to the claim of HARRY W. GRAHAM by the Administer (sic), c. t. a., D. FRANK SMOAK, JR, is extended for a period of seven (7) days from the date hereof.”
On this same day the administrator-appel-lee filed objections to the claim of Harry W. Graham. The objections filed were to the effect that the claimant was barred on the grounds of estoppel by res judicata and/or simply res judicata. Further reiterating, as was stated in a previous petition, that a claim for damages had been filed in the Circuit Court of the Twelfth Judicial Court of Florida for the recovery of damages based on the same grounds as the claim filed in the probate proceedings, and that as a result of the suit the claimant was awarded a recovery by final judgment as entered by the Circuit Court on the 2nd day of January, 1958.
We will pass over the granting of the first extension since the court stated that the attorney for the claimant advised there were no objections to the extension of time requested. At this time the statutory period for objecting to the claim had passed but the county judge, for good cause, had the power to grant the extension.
No objections were filed within the extended period expiring November 23, 1961. The administrator, on the 18th of September, 1962, again filed a petition to extend the time for filing objections, which the court granted, extending the time seven days. The administrator filed his objections to the claim the day the second order was entered.
The legal effect of the grounds for the extension set forth in the second petition were the same as those set out in the first petition filed over a year earlier.
 We do not hold that the grounds enunciated in the first petition were sufficient cause for extending the time for filing objections but only that we will not overrule the county judge’s order where he has stated that the attorney for the claimant agreed to the extension. We do hold, however, that the second petition to extend the time approximately a year after the time granted by the county judge to file objections, contained the same grounds for extension of time to file objections as set forth in the first petition and was insufficient. The county judge was in error in granting the second petition since no legal grounds were given for the second extension.
We note the requests of the administrator in the second petition, 1) that the claim of Graham be declared invalid and 2) that the objections set forth in the first petition be allowed as the objections to the claim of Graham, which requests were impliedly denied by the county judge.
In the case of Ellard v. Godwin, Fla.1955, 77 So.2d 617, our Supreme Court held that under the statute providing that a *847 county judge, for good cause shown, may extend the time for filing an objection to any claim against an estate, the excuse that “for some reason” administratrix did not learn of the filing of a claim was not “good cause” for the administratrix’s failure to make timely objection to a claim and would not justify extension of time to permit the filing an objection.
The administratrix had filed a petition for leave to file objections to the claim, which claim was filed in due time against the estate. The circuit court, on appeal, affirmed the order of the county judge.
The Supreme Court, in an opinion by Mr. Justice Drew, said:
“Section 733.18(2), F.S.1953, F.S.A., in part provides, ‘The county judge for good cause shown may extend the time for filing objection to any claim or demand and may likewise for good cause shown extend the time for filing appropriate suit, action or proceedings upon any such claim after objection is filed; but in either event, said extension of time shall be granted only after due notice of such application.’ (Emphasis added.)
“In the case of In re Jeffries’ Estate, 136 Fla. 410, 181 So. 833, 837, with reference to this same statute, this Court said:
“ 'But the statute expressly authorizes the County Judge, upon good cause shown, to extend the time for filing objections to claims and for bringing suits, actions or proceedings on claims which have been duly objected to. This makes the stated time limits operate as rules of judicial procedure to be relaxed only for good cause shown. The reasonableness of the extension of time, and the grounds on which such extensions are decreed are to be determined by a County Judge having authority under the constitution to exercise judicial power of the State. The adjudication is to be governed by a given standard of judicial action, vis: "good cause shown,” subject to appropriate judicial review, in order that right and justice shall be administered by due course of law as required by the constitution.' (Emphasis added.)
⅜ * * * * *
“Applying the above principles to the matter now before us, we fail to find in the record any good cause for the failure of the administratrix properly and timely to object to said claim. Moreover, no legal reason is assigned in the application for the failure of the administratrix to act timely. The application admits the timely filing of the claim, that it was a matter of record at all relevant times but alleged that ‘for some reason’ she did not learn of the filing thereof. Were we to countenance the extension of time to file objections on the basis of such excuses, it would amount to vesting an unbridled power in the hands of the county judges and would complicate rather than facilitate the orderly and speedy administration of estates. Vesting in the county judge the power to extend these time limitations for good cause is a wise and salutary provision obviously designed to prevent possible miscarriages of justice. If exercised within the limits prescribed by the statute as construed by this Court in the foregoing cases, it can be an instrument of much good. We cannot approve its extension to the limits shown by the record before us.”
See also In re Goldman’s Estate, Fla.1955, 79 So.2d 846.
Since the probate court was in error in granting the second extension of time to file objections to the claim of Graham, the objections filed to the claim should have been ignored as the court was without power to reject the claim or determine disputed questions of fact where valid objections were not filed. Goggin v. Shanley, Fla.1955, 81 So.2d 728.
*848 The appellee contends that the order denying the petition of the claimant is not a final order and that this court is without jurisdiction to hear this appeal, Article V, section 5, subsection 3, Florida Constitution, F.S.A. Under the procedure established by the Florida probate law, when a claim is filed and a timely objection made, the claimant has a limited time within which to bring an appropriate suit. The suit must be filed in the court having jurisdiction of the cause of action, and the fact that the suit was filed as a result of a claim and an obj ection thereto in probate proceedings in the county judge’s court does not affect the jurisdiction of the court in which an appropriate suit may be filed within the time limited by the probate law. If a claim is timely filed in the probate proceedings and if no timely objection is filed in the probate proceedings, then the personal representative is compelled to pay the claim after the expiration of the time for filing objections to claims unless the time for filing objections is extended for good cause shown. Thus, it may be seen that the order of the county judge’s court denying claimant’s petition for payment of his claim terminated the judicial labors of that court with reference to that claim. Therefore, the order constitutes a final order of the county judge’s court pertaining to a probate matter from which an appeal may be taken to this court under the foregoing provisions of the Constitution.
Since no valid objection was filed to the claim, the order should have granted the petition of the appellant to require the administrator to pay the claim. This determination does not change the class of such claim in any manner nor does it affect the statutory order of payment of claims nor the statutory requirement for payment ratably in proportion to the respective claims of all claimants in the same class in the event the estate is insufficient to pay all of the claims 'within the class in which this claim would fall. See Section 733.20, Fla.Stats., F.S.A.
The lower court is reversed for further proceedings not inconsistent with this opinion.
Reversed.
SMITH, C. J., and SHANNON, J., concur.