# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3268
Lower Tribunal No. 23-CP-1901

_____

DATHAN A. GRIFFIN,

Appellant,

v.

CHRISTINE PEARSON, as Personal Representative of the ESTATE OF
MARTHA HARWELL TILLER,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Michael Murphy, Judge.

July 25, 2025

PER CURIAM.

Dathan A. Griffin challenges the trial court's order overruling his objection to the proposed admission of a will to probate. The trial court correctly determined Griffin lacks standing to challenge the admission, which also means he is not an "interested person" under the Probate Code. *See* § 731.201(23), Fla. Stat. (2024). We dismiss this appeal for lack of jurisdiction because we have no authority to review an order that does not "finally determine a right or obligation of an interested person as defined in the Florida Probate Code." *See* Fla. R. App. P. 9.170(b).

Martha Harwell Tiller died in her Orlando home in September 2022. Her 2012 will named Christine Pearson as her personal representative. It named Pearson and Bette Kasch as beneficiaries. In March 2023, Griffin—who had no home at the time—moved into Tiller's empty home. He claims to have paid the home's 2022 real estate taxes to try to establish adverse possession. He also asserts that he has spent time and money cleaning up the house and its yard. In searching Tiller's possessions, Griffin found a 1979 will, and he argued below that it illustrated Tiller's true testamentary intent. Like the 2012 will, the 1979 will does not identify Griffin as a personal representative, beneficiary, or in any other way.

Griffin moved to invalidate the 2012 will, and the trial court found that he lacked standing to attack its validity. When Pearson formally proposed admission of the 2012 will to probate, Griffin objected. The trial court entered an order overruling Griffin's objection, again finding he lacked standing to contest the will's admission.

Our jurisdiction to review probate orders is "limited to orders that finally determine a right or obligation of an interested person as defined in the Florida Probate Code." *See* Fla. R. App. P. 9.170(b). Because the order on appeal only determines Griffin's rights—i.e., his standing to object to admission of the 2012

2

will[1]—we must decide whether Griffin meets the Probate Code's definition of an "interested person."

Whether Griffin is an interested person is closely related to whether he had standing to challenge the 2012 will below. As explained by the Florida Supreme Court,

> Standing is a legal concept that requires a would-be litigant to demonstrate that he or she reasonably expects to be affected by the outcome of the proceedings, either directly or indirectly. Thus, standing to bring or participate in a particular legal proceeding often depends on the nature of the interest asserted.

*Hayes v. Guardianship of Thompson*, 952 So. 2d 498, 505 (Fla. 2006) (citations omitted). The Probate Code defines "interested person" by the same concepts:

> "Interested person" means any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved. . . . The meaning, as it relates to particular persons, may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceedings.

§ 731.201(23), Fla. Stat. This statutory definition "incorporates the general standing principles referred to above" for purposes of probate proceedings. *Hayes*, 952 So. 2d at 507–08. Thus, though the trial court did not expressly refer to the statutory definition, its finding that Griffin lacks standing to challenge the 2012 will is tantamount to finding Griffin is not an "interested person" under the Probate Code.

---

[1] The trial court entered separate orders, which are not on appeal, admitting the 2012 will to probate and appointing Pearson personal representative.

3

We review de novo both the trial court's interpretation of the Probate Code and whether Griffin had standing to proceed under it. *See Duff-Esformes v. Mukamal*, 332 So. 3d 17, 19 (Fla. 3d DCA 2021); *Seaside Town Council, Inc. v. Seaside Cmty. Dev. Corp.*, 347 So. 3d 89, 95 (Fla. 1st DCA 2021). "When interpreting a statute, we follow the supremacy-of-the-text principle." *Pradaxay v. Kendrick*, 387 So. 3d 437, 439 (Fla. 6th DCA 2024) (citing *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020)). "This principle dictates that '[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.'" *Id.* at 439–40 (quoting *Ham*, 308 So. 3d at 946). We must consider these words in context, "exhaust[ing] all the textual and structural clues that bear on the meaning of a disputed text." *Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022) (internal quotations marks omitted)).

Section 731.201(23) dictates that we must determine whether a person is an "interested person" according to a proceeding's purpose and subject matter. "Florida's Probate Code serves many purposes. Chief among them is to promote the timely settlement of a decedent's estate." *Tsuji v. Fleet*, 326 So. 3d 143, 145 (Fla. 1st DCA 2021) (citing *In re Jeffries' Est.*, 181 So. 833, 837 (Fla. 1938) (explaining that Probate Code "should be interpreted and applied so as to facilitate the settlement of estates in the interest of the public welfare, without unreasonably [or] unduly restricting the rights of creditors of such estates")). Indeed, section 731.201(23) identifies an estate's personal representative as an interested person, who is always

4

involved in the settlement of a decedent's estate. But it excludes a beneficiary who has received complete distribution. *Id.*

Griffin claims he is an interested person because if he cannot participate in the probate proceeding, he might become homeless and will lose all the time and money he has invested in the home. Tiller's Estate claims that Griffin is not an interested person because he is a stranger to the estate. Tiller's Estate is correct.

Griffin is a stranger to the estate whose only claim involves monies he expended trying to advance an adverse possession claim after Tiller died. He is not a personal representative or beneficiary under either will. The trial court even determined he was not an estate creditor because he did not perform work during Tiller's lifetime or for her benefit. While the statute does not offer strict guidelines over who might claim interested person status in a probate proceeding, it in no way contemplates someone like him. The trial court correctly ruled that Griffin lacked standing to participate in Tiller's probate proceeding, which means he is not an interested person under the Probate Code. Because Griffin is not an "interested person," we lack jurisdiction over this appeal and dismiss it. *See* Fla. R. App. P. 9.170(b); *Cruz v. Neely*, 319 So. 3d 730, 730 (Fla. 3d DCA 2021).

DISMISSED.

TRAVER, C.J., and WOZNIAK and GANNAM, JJ., concur.

5

Dathan A. Griffin, Orlando, pro se.

Jonathan J. A. Paul, of Weissman Paul, PLLC, Altamonte Springs, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED