HENDRY, Judge.
Appellant-plaintiff Willie Bryant seeks review of an order of the Circuit Court of Dade County dated May 27, 1971, which was entered upon appellee-defendant Evans Small’s motion to limit issues. The order, in pertinent part, states as follows :
“The Court finds that said Final Order in said Ross Estate, to which no Petition for Rehearing was sought nor appeal taken therefrom has become res ju-dicata of all issues at bar save damages due defendant upon his counterclaim. This is so primarily because essential mediate and ultimate facts, necessarily involved in full trial before JUDGE PRIMM, by the same parties and same counsel, have been specifically adjudicated by an Order now Final.”
We reverse.
The instant order was entered in Bryant’s action for rescission and cancellation of a warranty deed purportedly given by his mother Emma Ross to Small, her close personal friend. The complaint prayed for equitable relief. This is the third appearance of this action before this court, Bryant v. Small, Fla.App.1970, 236 So.2d 150, which reversed a summary judgment and Bryant v. Small, Fla.App. 1971, 243 So.2d 478, quashing an interlocutory appeal.
On January 2, 1969, Emma Ross, now deceased, executed a warranty deed conveying realty in Dade County to Small, which was recorded on January 3, 1969. On January 3, 1969, she executed a will naming Small as sole beneficiary.
In March, 1969, Bryant in the County Judge’s Court sought to revoke the January 3, 1969 will on various grounds but the court did not revoke the will. Small states, and we so assume, that Bryant also sought to cancel the deed in the probate court proceeding.
In May, 1969, Bryant brought in the Circuit Court the instant suit to cancel the deed. After proceedings therein, a summary judgment for Small was entered. This court reversed. After proceedings on remand, the circuit judge entered the order appealed.
We express the view that the county judge’s court sitting as a court of probate lacked jurisdiction to decide the matter of the validity of the deed. Cf. Art. V § 7(3) with Art. V § 6(3), 1968 Constitution of the State of Florida, F.S.A. The county judges’ courts are tribunals of limited jurisdiction, lacking jurisdiction in purely equitable actions. E. g. In re Brown’s Estate, Fla.App.1961, 134 So.2d 290. The doctrine of res judicata is not' applicable where the judgment plead was entered without complying with jurisdictional requirements because for that reason the judgment is void. Florida Nat. Bank of Jacksonville v. Kassewitz, 156 Fla. 761, 25 So.2d 271. Cf. Pitts v. Pitts, 120 Fla. 363, 162 So. 708. See also: Culloden v. Music, Fla.App.1969, 226 So.2d 240 and *461 cases cited. Therefore we hold that the circuit court erred in ruling that the validity of the deed was res judicata because of the final order rendered in In re Estate of Ross, Deceased (No. 82428) by the county judge.
Therefore, for the reasons stated and upon the authorities cited we reverse and remand the cause for further proceedings consistent with the view expressed herein.
Reversed and remanded.