CARROLL, Judge.
The appellant filed an action to set aside a deed, alleging it was obtained by fraud *809 and undue influence. By answer the defendant denied such allegations. Later the defendant moved for leave to file a counterclaim for ejectment, claiming superior title to the property on the basis of the questioned deed. That motion was granted. Plaintiff answered the counterclaim.
Thereafter plaintiff moved for leave to file an amended complaint, repeating the allegations of the original complaint and adding a second and third count. By the second count the plaintiff sought damages for loss of profits or rentals and depreciation of the property, during the period of possession thereof by defendant alleged to have been obtained improperly pending the litigation. The third count of the amended complaint presented a contention that the property was homestead, and sought a determination of its status in that respect and the consequent effect thereof on the questioned deed. The court allowed the amendment consisting of repetition of the allegations of the original complaint and the addition of the second count, but denied leave to present by amendment the third count which raised the homestead question. The plaintiff appealed, and claims the court erred in the latter ruling.
By Rule 1.190 F.R.C.P. 30 F.S.A. a party may amend his pleading once as a matter of course before a responsive pleading is served, and thereafter “may amend his pleading only by leave of court or by written consent of the adverse party and leave shall be given freely when justice so requires.” [Italics added.] Further in the rule it is stated: “At any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading.”
Liberality in allowance of amendments to pleadings, when timely sought, has been observed repeatedly by the courts to be a proper policy. Here the plaintiff’s action challenged the validity of a conveyance. The amendment which was sought by the plaintiff and refused by the court presented matter which would have been appropriate to include in the original complaint, and which had bearing on the merits of the cause and the relief sought.
On an earlier appeal in this case (Bryant v. Small, Fla.App.1972, 258 So.2d 459), we reviewed an order which limited the issues relating to validity of the deed, by excluding claims of fraud and undue influence because such contentions had been rejected in the probate court when previously asserted there in an effort to revoke a will made by the decedent grantor naming the grantee as beneficiary (necessarily relating to property other than that covered by the questioned conveyance). This court reversed that order and said: “We express the view that the county judges’ court sitting as a court of probate lacked jurisdiction to decide the matter of the validity of the deed.” Moreover, in the probate court the issues tried were with reference to the execution of a will, whereas the issues presented and sought to be presented for trial in this case relate to a separate transaction, represented by the making of a deed. In the circumstances presented we are impelled to conclude it was error to deny the plaintiff’s motion for leave to so amend the complaint.
Regarding appellant’s contention that the court erred in dénying the request for a jury trial on the issues relating to validity of the deed, we find no error. An action to set aside a conveyance is one which previously was cognizable in equity, and as such was triable before the court.
The order appealed from is reversed to the extent that it denied leave to the plaintiff to amend the complaint in the respect referred to above, and the cause is remanded for further proceedings.