PER CURIAM.
The defendant, Sabema Corporation, seeks review of a final declaratory judgment in favor of the plaintiff, Sunaid Food Products, Inc.
The record reveals that prior to October 15, 1968, Harold, Arthur and Edward Hornreich were the owners of all of the stock of the plaintiff, Sunaid Food Products, Inc. Sunaid leased two business premises, under two leases which were to expire on July 31, 1970, from the defendant, Sa-bema Corporation, as lessor, which was and still is owned wholly by the same Hornreich brothers. On or about October 15, 1968, the Hornreich brothers negotiated a sale of Sunaid stock to Plant Industries, Inc., and around December 6, 1968, Plant entered into an agreement employing the three brothers to run and operate the Sun-aid business. On December 4, 1968, prior to the expiration of the two leases, Sunaid entered into agreements with Sabema to extend the leases through December, 1973, with an option to renew through December 31, 1978. These lease extensions recited that consideration was $10.00 “in hand paid each unto the other . . . and in further consideration of the mutual promises *621 and undertakings hereinafter stated .” There was a 10 per cent increase in the amount of rent due under the extension leases. Each lease further provided that all terms of the lease and extended term have been fully complied with; that no alterations or changes could be made without the written consent of the lessor; that if the lessee failed to meet any condition the lessor could re-enter; that the lessee was obligated to keep the premises in good condition and to refrain from being in violation of any laws pertaining to the premises.
In 1973, a Dade County pollution inspector notified Sunaid of pollution violations on the premises. Arthur Hornreich wrote to the pollution board on behalf of the lessee, stating that Sunaid would do anything necessary to comply with the regulations, after which he turned the problem over to another Sunaid employee. At least two of the Hornreich brothers were employed by Sunaid at this time, and they not only knew of, but also observed the construction which took place subsequently, to repair and replace oil drainfields and soakage pits beneath the ground. Written consent for the construction from Sabema was neither sought nor received. Thereafter, Sabema notified Sunaid that it had breached the lease and demanded reentry. Sunaid filed a complaint for declaratory relief to establish whether the lease was in full force and effect or whether there had been a material breach thereof. Subsequent to the suit being filed, Sabema demanded and received taxes and rent from Sunaid and demanded that Sunaid re-pave the parking lot of one of the premises, which Sunaid did at its own expense. Sabema filed an answer alleging that the leases were unenforceable due to lack of consideration. The court entered a declaratory judgment on behalf of the plaintiff, Sunaid, finding that the lease agreements were in full force and effect and had not been materially breached and that the equities were in favor of the plaintiff.
On appeal, the defendant, Sabema, alleges that the court erred in entering judgment for the plaintiff because (1) no consideration was given for the lease agreements and (2) the lease agreement was breached since the plaintiff failed to obtain written consent before altering the premises and (3) because the court denied the defendant leave to amend its answer to allege that the lease agreements together with the purchase agreement and employment agreement were interdependent although separable, and that a breach of one was a breach of the other, where the plaintiff failed to make its purchase payments and where it is policy of Florida courts to liberally permit amendment.
As to the first and second points raised by the defendant-appellant, we find no error to have been made. From careful study of the record, it appears that there was ample consideration for the lease agreements, i. e., increase in rental, extension of time and benefits and detriments to both the lessee and lessor. In addition, the failure to obtain written consent for altering the premises did not constitute a material breach of the lease agreements. First, the improvements were made of necessity due to the demand by the pollution board to remedy the existing conditions on the premises. Second, the Hornreich brothers, as employees and operators of Sunaid, and also as officers and directors of the lessor, Sabema, knew that repairs were needed and that repairs had, in fact, been made.
The defendant-appellant’s contention that the court erred in not permitting such defendant to amend its answer is sufficiently meritorious to warrant discussion herein. Florida courts have ruled many times that leave to amend shall be freely and liberally granted when justice so requires. Poinsettia Dairy Products v. Wessel Co., 1936, 123 Fla. 120, 166 So. 306; Bryant v. Small, Fla.App.1973, 271 So.2d 808. However, considering the case sub judice on its own facts and circumstances, we find that the trial court com *622 mitted no error in its refusal to permit amendment to the answer where it appears from the record that the amendment sought by the defendant-appellant and refused by the court relates to agreements between different parties, dealing with different subject matter and executed at different times than the subject lease agreements. In addition, we find the denial not to be an abuse of discretion where the amendment was sought to be made at a late date, shortly before trial, which would have materially altered the issues before the court and the merits of the cause.
Therefore, for the reasons stated and upon the authorities cited, the final declaratory judgment appealed is hereby affirmed.
Affirmed.